The opinion of the Court was delivered by
Gibson J.
Without.pretending to determine what would -have been the effect of the recovery, in the second suit, on a question, whether the plaintiff might give evidence, tha!t the present demand had not been submitted to the jury, or considered by them, notwithstanding it was included in the declaration, .we are of opinion, that all the evidence which went to shew the second suit was brought to recover the last payment only, was inadmissible. The question was not, whether the plaintiff should explain, by parol evidence, what was submitted to, and what withdrawn from, the consideration of the jury, but whether he might shew the second suit was brought for but SOI. the last payment, when it appeared by the record he had given in evidence, that it was brought for 90/. the whole sum due after deducting 60/. paid. This was in direct contradiction of the record, and inadmissible. As the cause will go back to another jury, it will be in the power of the defendant, by pleading a former recovery, or giving the record in evidence, to raise the' question, how-far that recovery is conclusive, in this action, as to all matters contained in the declaration, or how far the plaintiff may explain what *248 wasj.or was not submitted to the consideration of the jury; that matter is not before us, and we give no opinion on it. But it is extremely clear, the plaintiff was not estopped by the record produced from proving his case as laid. The value of the evidence when given was one thing; its competency another. We are decidedly of opinion, it should have been admitted; the judgment, therefore, must be reversed.
J udgment reversed.