No. 69.—John Ezzell, plaintiff in error, *vs.* Wm. Maltbie and Richard D. Winn, executors of Elisha Winn, deceased, defendants.

[1.] A executed his bond to B, conditioned to make him a title to a tract of land therein described, whenever the litigation then pending respecting it should terminate. B brought suit upon the bond, alleging a forfeiture thereof, in which there was a verdict and judgment for the defendant, who made no special defence to the action: *Held,* that the former recovery was no bar to another action, and that parol evidence was admissible to show, that on the first trial no other issue was submitted to the Jury, save only the fact as to the pendency of the litigation referred to in the bond; and that the testimony was restricted exclusively to that point.

Covenant, in Gwinnett Superior Court, before Judge Dougherty, March Term, 1849.

John Ezzell commenced his action of covenant against the executors of Elisha Winn, deceased, upon the following instrument:

Ezzell *vs.* Maltbie and Winn.

" GEORGIA, GWINNETT COUNTY :

"Know all men by these presents, that I, Elisha Winn, am held and bound unto John Ezzell, jr. in the sum of four hundred dollars, to be paid on conditions, that the said Elisha Winn shall make him, the said Ezzell, his heirs, &c. a good title to the land and premises whereon he now lives : say, the land conveyed to James Brown by James Clements, as per deed of record, in the Clerk's office of the Superior Court, for four hundred acres ; say the same to be done so soon as the present dispute of the lands can be got through with, in default of which, I will pay him, the said Ezzell, the value of the said land.

" Given under my hand and seal, this 6th January, 1835.

[Signed,]                          " ELISHA WINN. [SEAL.]

" WM. MALTBIE."

The breach alleged was a failure to make titles to the land.

To this action the defendant pleaded a former recovery.

On the trial, the defendant gave in evidence the record of a former suit between John Ezzell and Elisha Winn, on the same instrument, with a verdict for defendant, and judgment thereon, 15th March, 1839. The record showed no plea on the part of the defendant.

The plaintiff then offered to prove, by one Henry P. Thomas, Esq. that the former recovery by Winn, in his lifetime, was not had upon the merits, but was obtained upon proof to the Jury upon that trial, that the obligation was not due at the time of the commencement of the said first suit, nor at the time of the trial of said case ; in this, that the litigation referred to in the obligation was still pending, and that no other evidence was submitted to the Jury upon the trial of said first suit for the defendant, than that above stated, and that no other issue was submitted to the Jury.

To the admission of this evidence defendant's counsel objected. The Court sustained the objection and rejected the testimony, and this is the error alleged in the record.

JAS. P. SIMMONS, for plaintiff in error, cited and commented on the following authorities :

1 *Stark. on Ev.* 222, *and note.* *Greenl. on Ev. title Records and Judicial Proceedings.* *Seddon vs. Tulop,* 6 *T. R.* 608. 5 *Mass.*

334. *Bennett vs. Holmes,* 1 *N. Carolina Rep.* (*Dev. & Bat.*) 486. *Hughes vs. Blake,* 1 *Mason,* 515. *Phillips vs. Berrich,* 16 *Johns.* 136. 2 *Ib.* 229. 8 *Ib.* 442. 13 *Mass.* 155. 8 *Sergt. & Rawl.* 305. *Bridge vs. Sumner,* 1 *Pick.* 371. *N. Eng. Bank vs. Winslow & Lewis,* 8 *Pick.* 113.

ALEXANDER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The question presented by this record is, when is a former recovery a complete bar to another suit?

Both policy and principle would seem to dictate, that whenever the record of the first suit covers the present cause of action, so that the merits *might have been* passed upon, the former judgment would be conclusive, *per se ;* otherwise, that salutary axiom of legal policy, which is as old as the law itself, *nemo debet bis vexari pro una et eadem causa,* would cease to have any practical value; and, as was most forcibly remarked by Mr. Justice *Kennedy,* the public peace and quiet would be subjected to the will or neglect of individuals, and suitors would prefer the gratification of a litigious disposition to the preservation of the public tranquility and happiness; and the result would be, that the tribunals of the State would be bound to give their time and attention to the trial of new actions for the same causes, tried once or oftener before, between the same parties or privies, without any limitation, other than the will of the litigants, to the great delay and detriment, if not exclusion, occasionally, of other causes which never have passed in *rem judicatam. Marsh vs. Pier,* 4 *Rawle,* 288.

[1.] And yet we feel quite satisfied, that the proposition suggested at the outset of this opinion, is not, *although it should be,* the law of the case.

To constitute the former recovery a complete bar, Professor *Greenleaf* says, " it must appear to have been a *decision on the merits.*" 1 *Greenlf. Ev.* 566. Judge *Tucker* adopts the same rule : " But the judgment must have been *upon the merits* or it will be no bar." 2 *Tuck. Com.* 159. Mr. *Chitty* seems to favor the idea, that to make the plea of a former recovery available, the defence should show, that in the prior action, the defendant had a verdict in his favor *on the merits.* 1 *Chitty's Plead.* 513, *note C.*

In *Seddon and others vs. Tulop*, (6 *T. R.* 608,) another test is applied, which is, that the plea of a former recovery is no bar, if upon evidence it appears that the matter of the existing suit was not, *in fact*, the subject of inquiry in the former suit; and this is a leading case in the books. It is true, that in the former action, there was a count on a promissory note for £51, and another for £25 7s. for goods sold and delivered, and that the last suit was brought only for the latter of these demands. Still, this can make no difference; for here the plaintiff was permitted to harass the defendant with the expense of two actions, when one would have answered the purpose. The record of the former suit covers the open account as well as the note. The last cause of action, to wit: the open account, is in both writs, and it could only be withdrawn from the operation of the first verdict and judgment, by parol proof, showing that, *in fact*, no evidence was given as to this cause of indebtedness. The authority of this case cannot be evaded, therefore, by saying, that the causes of action were distinct and embraced in different counts. Indeed, the Court of King's Bench took no such distinction, but placed its decision upon the ground, after full discussion, that the claim for the goods *now* made, was not *then* made, though it is apparent, from the record, it might have been.

But the case of *Hitchen vs. Campbell*, (2 *Blackstone's Rep.* 827,) was upon the same identical premises; and though it was argued by very eminent counsel, it was not even contended, that because the same sum demanded in the action might have been recovered in the former one, therefore the plaintiff could not recover it in that action. The only inquiry there was, *whether the same cause of action had been litigated and considered in the former action.*

So in the cases of *Rowell vs. Farmer*, (4 *T. R.* 146, '7,) and *Golightly vs. Jellicox*, (*Ib. in note*,) it was held, that an award made on a reference of all matters in difference between the parties, was no bar to any cause of action that the plaintiff had against the defendant at the time of the submission, if the plaintiff could prove, that the subject matter of the action was not inquired into before the arbitrator.

The same doctrine was ruled in *Martin vs. Thornton*, (4 *Esp. R.* 181.) This was an action for malicious prosecution, and for maliciously holding the plaintiff to bail. There had been an arbitration between the parties, and an award, which was produced. It

recited, that in the cause of *Thornton vs. Martin,* the plaintiff had no cause of action, and awarded to the plaintiff the costs; and that in the other action, *Martin vs. Thornton,* the plaintiff, Martin, had no cause of action, and ordered certain manuscript and print-ed papers to be given up, and finally directed that the parties should execute mutual releases. The defendant's counsel then called the arbitrator to prove that the reference before him was a reference of all matters in difference, and that a claim had been made before him, by Martin, for compensation for the injury. This evidence was objected to, and it was contended that parol evidence was not admissible, *as the award should speak for itself;* but it was ruled by Lord *Alvanley* to be competent and sufficient evidence. See also, *Comyn's Digest, title Action, l. 4.*

What the later authorities in England may be, it is needless per-haps to inquire, it being understood that we adopted the Common and Statute Law of the mother country, as it existed at the com-mencement of the revolution, and with it the construction put upon it by the British Courts at that epoch, and that we are not at liberty to consider and follow decisions posterior to that period. In oth-er words, that the 14th day of May, *Anno Domini* 1776, is the Pil-lars of Hercules in our judicial geography, *this side* of which we may not come in our explanations. If this be so, legislation is imperiously demanded. We are, to all intents and purposes, *adscripti glebis,* and as much serfs in mind as those were in body, who used to go with the clod. This ought not so to be. We are entitled to the benefit of the later, if not the higher lights of the great luminaries of the law. Why should we be restricted to the year books, Dyer and Plowden, or to their successors, the Raymonds, Salkeld, Strange, Willes and Wilson, Burrow, Cow-per and Douglass, the Blackstones, Bossanquet and Puller, how-ever illustrious the Judges whose decisions they record, for an exposition of the Common and Statute Law of England? The science of law is pre-eminently progressive, and the shadows which overhung the age of *black letter* have been dissipating by degrees only. The British Courts have undoubtedly, since our separation, made great improvements in that portion of the law which is common to us both. Shall we be forever bound to fol-low *error,* although now admitted and declared to be such by the very tribunals which first established it? We honor our vene-rated predecessors of the olden time, who, brought up according

to the then philosophy of the schools, in habits of great subtlety and refinement, displayed wonderful acuteness of mind in maintaining every maxim, presumption and fiction of law, with scrupulous exactness. We would prefer, however, to follow the modern practice, which, in the administration of justice, and with a view to enlarge its boundaries, does not hesitate to sacrifice the shadow in order to secure the substance.

But I will return to the point from which I have wandered.

Some of the earlier decisions in this country maintained the rule with great stringency, that the operation of the record should not be varied by matter *in pais*. *Hess vs. Heble*, 4 *Serg. & Rawl.* 246. 6 *Ib.* 57. *Duffy vs. Lytle*, 5 *Watts*, 130. *Brockway vs. Kinney*, 2 *Johns.* 210. This last case went to the extent of holding, that every thing set out in the declaration was, of necessity, presumed to have been included in the judgment; and that even where there were two distinct counts, unless a *nolle prosequi* were entered, parol evidence could not be received to show, that with regard to one of them, no testimony had been given at the trial. And in *Wheeler vs. Van Houton*, (12 *Johns.* 313,) and *Bunnel vs. Pinto*, (2 *Conn.* 433,) it was held, contrary to *Rowell vs. Farmer*, and *Golightly vs. Jellicox*, that after a submission of all demands to arbitration, that parol evidence could not be received to show that a part of the plaintiff's demands had not been the subject matter of inquiry before the arbitrators.

This doctrine, however, has been much relaxed in the more modern cases; and in *Goddard vs. Selden*, (7 *Conn.* 521,) it was adjudged, that although a former recovery is, *prima facie*, conclusive as to all matters which either party could have legally presented to the Jury under the pleadings, yet that this presumption may be rebutted by clear evidence of a contrary character; and that where a particular subject is shown not to have been, in fact, embraced in the former judgment, it may be made the subject of another suit between the parties.

The same law has been fully recognized and applied by the Courts of Pennsylvania and New York. *Croft vs. Steal*, 6 *Watts.* 375. *Sterner vs. Gower*, 3 *Sergeant & Watts*, 143. *Wright vs. Butler*, 6 *Wend.* 289. In this last case, a second action was brought by the indorsee against the indorser, to recover money expended for the use of the defendant, in the payment of a note on which he was liable, there having been a recovery and judgment in the

first action. The defendant pleaded, first, the general issue; second, the former recovery, setting forth the declaration in the first action, which contained, in addition to the money counts, a special count on the note. Parol evidence was admitted to show, that the verdict of the Jury had been rendered only on the money counts, and that the special count on the note, had not been submitted to the Jury on the trial, and the plaintiff was allowed to recover.

Indeed, from a careful and extensive examination of the authorities, the conclusion to be drawn is, not that when a recovery has been had, and a new suit is brought, that the Courts are bound to consider *as embraced* that *which might have been embraced;* but that the former record will not be considered as having settled the present matter, unless the judgment to which this effect is ascribed, could not have passed without having decided the present matter.

In the case at bar, being reluctant to go one step beyond what we are compelled to do, we will overrule the non-suit, and direct the case to be re-instated, on the ground that the cause of action for which the present suit is brought, did not really exist at the time when the first trial took place. According to the condition of the bond, Winn was not bound to make titles until the litigation, which was then pending respecting the land, had terminated. The evidence which the plaintiff proposed to introduce, was to show that, on the former trial, no other issue but this was submitted to the Jury, and that the testimony was restricted entirely to it, and that the verdict was rendered against Ezzell solely for the reason that there was no breach of the bond, it being in proof, that the litigation referred to in the instrument was still pending and undisposed of.

Indeed, to my mind, the record itself leads necessarily to the same conclusion. To the first action there was no plea whatever filed; and if the right to sue had *then* accrued, there must have been a verdict for nominal damages at least for the plaintiff. The defendant having obligated himself, under the penalty of four hundred dollars, to make titles or pay what the land was worth, in the absence of any special defence, it could have been an inquiry merely as to the amount of damages. The judgment, consequently, under the pleadings, could only have been awarded against the plaintiff, on account of his failure to prove that the li-

tigation had terminated concerning the land—a condition prece-dent in the contract to his right to sue.

*Rose vs. Standen,* (2 *Modern Rep.* 294,) was an account for su-gar and indigo. The defendant pleaded that the plaintiff brought an *indebitatus assumpsit,* a *quantum meruit,* and an *insimul compu-tasset,* for one hundred pounds due to him for wares sold, to which he pleaded *non-assumpsit,* and that there was a verdict against him, and then averred that the wares mentioned in the former action were the same as those mentioned here. The plaintiff de-murred, and it was said for him, that he had brought his former action on the case too soon; for if no account be stated, the ac-tion on the case on the *insimul computasset* will not lie, and so the former verdict might be given against him for that reason; but on the contrary it was argued, that the defendant shall not be twice troubled for the same thing, and that if the verdict had been for the plaintiff, that might have been pleaded in bar to him in a new action. But the Court were of the opinion, that the plea was not good, and that if the plaintiff had recovered, it could not have been pleaded in bar to him; that if no account be stated, the action on the case upon an *insimul computasset* would not lie— the *insimul computasset* implies an account—and upon *non-assump-sit* pleaded, the defendant might have given payment in evidence, and for that reason the Jury might find for him. It is true, he might have pleaded "*plene computavit,*" which is the general plea, *but it may as well be presumed that the verdict was against the plaintiff, because the action would not lie,* and the matter being *in dubio,* the Court will intend against the pleader, he not having averred to the contrary.

In the case at bar we hold, from the pleadings in the former suit, that the *verdict must have been against the plaintiff,* because the action was prematurely brought, and could have been render-ed on no other ground. If it were *doubtful,* upon this precedent we should be at liberty to *presume,* at any rate, that such was the case.

I know that some of the volumes of this collection were consi-dered and pronounced by *Buller* and *Mansfield,* and other distin-guished Judges, as apocryphal or reports of but little authority, but I am not aware that the *second* volume, containing special ca-ses, most of which were adjudged in the Court of Common Pleas, when Sir *Francis North* was the Chief Justice on that

Bench, was ever assailed except by Lord *Holt,* of whom it is said, that upon a case being cited from 2 *Modern,* he said, *in ira* (!!!) "that no books ought to be cited at the bar but those which are licensed by the Judges." *Marv. Leg. Bib.* 518, '9.

The *New England Bank vs. Winslow, Lewis et al.* (8 *Pick. R.* 113,) is a case strictly analagous to the one under consideration. An action at law had been brought by the bank against Winslow and Henry Lewis, on a promissory note, on which they were indorsers. The defendants pleaded that the suit was commenced on the day when the note fell due, and before notice to them of its dishonor, and judgment was rendered in their favor, on the ground that the action was brought prematurely. The bank now sought, by bill, to recover the note, alleging that it never had been paid, and that Jeffries, the maker, was insolvent. The defendants urged the former judgment in their favor, in the suit, on the note as a bar to the bill.

The Court held, that issue might be taken on the fact, and parol evidence admitted, to show that the real merits of the action had not been inquired into in the former suit; and it appearing that no cause of action had accrued when the first suit was instituted, that the judgment in that action was no bar, either *at law* or *in equity.*

Upon the principle of these two precedents, we will reverse the judgment below, and remand the cause for a re-hearing.