No. 42.—BENJAMIN H. HILL and NANCY McFARLAND, administrators of J. McFARLAND, plaintiffs in error, *vs.* JAMES FREEMAN and another, administrators of R. FREEMAN, deceased, defendants.

[1.] Where a plea of former recovery is filed, and the record tendered to support the plea, it is for the Court to determine, upon inspection and comparison, whether the cause of action is the same; and if not the same, the record will be repelled; and if it is admitted, it then also becomes a question for the Court, how far and when parol evidence will be admitted to show that the cause of action was not submitted and passed upon in the former suit.

[2.] *Held,* in this case, that the cause of action in the present and the former suit are not the same.

Assumpsit, in Pike Superior Court. Tried before Judge FLOYD, August Term, 1849.

On the 16th day of August, 1839, Robert Freeman, intestate of the defendants in error, executed to Joseph D. McFarland his promissory note for $3,287 00. McFarland indorsed this note to the Western Insurance and Trust Company of Columbus, Ga. After the death of Freeman, to wit, on the 16th day of March, 1842, McFarland, as indorser, paid to the said Company the sum of $1400.

On the 16th day of July, 1846, McFarland commenced his action against the defendants, as administrators of Freeman, for the recovery of the above sum of $1400, returnable to Pike Superior Court. To this action the defendants, among other pleas, filed the plea of a former recovery, in an action in Pike Superior Court, between the parties. They also plead in bar to the action, a judgment-had in an Equity cause between the parties, tried in Troup Superior Court.

The cause stood for trial at the August Term, 1849.

On the trial it appeared, from the testimony of one of the witnesses of plaintiff, in response to the cross interrogatories, that the note made to McFarland by Freeman, and indorsed by him to the Western Insurance and Trust Company, was given in part payment of purchase money for land, sold by McFarland to Freeman.

The defendants on the trial offered in evidence the record of a former action, brought by McFarland against the defendants, in Pike Superior Court, and in which a recovery was had by the plaintiff. The declaration contained several special counts for the recovery of $3,485 00 due from Freeman to McFarland, in consequence of a failure of McFarland to collect a certain *fi. fa.* transferred to him by Freeman against one Abraham B. Ragan, in part payment of the purchase money for land sold by McFarland to Freeman. An amendment was filed to the declaration, containing two counts, one for a balance due upon a general accounting between the parties, the other a common count for the whole amount of the purchase money for the land sold by McFarland to Freeman. The counsel for plaintiff in error objected to the record; the objection was overruled, and the record given in

evidence, and counsel for plaintiff in error excepted to the decision of the Court.

The defendants then offered in evidence, the record of an Equity cause tried between the parties in Troup Superior Court. The bill, it appeared, was filed by McFarland against the defendants to enforce his vendor's lien on the land, sold by him to Freeman, for that portion of the purchase money covered by the execution against Ragan. To this bill the defendants pleaded a former recovery in the action in the county of Pike, which plea was allowed, and the bill dismissed by the Court. Counsel for plaintiff in error objected to the giving the record in evidence. The objection was overruled by the Court, and counsel for plaintiff in error excepted, and upon these exceptions assigned error.

B. H. HILL, for the plaintiffs in error, submitted the following points, and relied on the authorities cited.

1st. The record of these former suits shew the same *parties*, but wholly *different causes* of action, insomuch that the evidence necessary to support the one, would be wholly irrelevant on the trial of the other, and should not therefore have been admitted as evidence in the trial below. 1 *Starkie*, 262, (7 *American from* 3 *Lon. Edition.)* 1 *Greenleaf*, §528. 2 *Smith's Leading Cases*, 546. *Wood vs. Jackson*, 8 *Wend.* 9.

2d. Even if the present cause of action could be considered as included in the former suits, still, the demands being clearly divisible, it was competent for the plaintiffs to shew, by parol evidence, that this present claim was not submitted to the jury on the former trial; that the common count for purchase money on which reliance is placed for the estoppel was not relied on, and no evidence under that or any other count of the present cause of action was given or attempted to be given, and that it was not known to, or passed upon, by the jury. The demands being divisible, the fact that they arise from the same contract, can make no difference. 1 *Starkie*, 263 '4. 1 *Greenleaf*, §532. 2 *Smith's Leading Cases*, 546. *Seddon vs. Tutop*, 6 *T. R.* 608, *bottom page*. *Thorpe vs. Cooper*, 15 *E. C. L. R.* 387. *Wright vs. Butler*, 6 *Wend.* 284. *Bridges vs. Gray*, 14 *Pick.* 55. *Webster vs. Lee*, 5 *Mass.* 339. *Roan vs. Farmer*, 4 *T. R.* 146, *bottom page*.

Hill and McFarland *vs.* Freeman and another.

S. T. BAILEY, for defendants, cited and commented on the following authorities :

*Co. Litt.* 126, *a* 228.    3 *Co. Litt.* 350, 542, *note s.*    3 *Bl. Com.* 314, 331.    4 *Ib.* 461.    1 *Arch. Pr.* 213, 219.    2 *Kelly's R.* 60.    6 *Howard,* 37, 38.    2 *Tidd's Pr.* 801.    1 *Ch. Pl.* 320, 353, '4.    1 *East,* 355.    1 *Ph. Ev.* 238.    1 *Greenl. Ev.* §531, '2.    1 *Greenl. R.* 143.    2 *Barb. R.* 596.    6 *Serg. & R.* 57, 61, '4.    4 *Ib.* 246. 17 *Ib.* 319.    *Snider vs. Coy,* 2 *John. R.* 227, *overruling Sedden vs. Tutop,* 6 *T. R.*    2 *Moore,* 156.    4 *E. C. L. R.* 410.    4 *Cow.* 562.    3 *East,* 355.    2 *Cond. R. U. S.* 607.    3 *Pick.* 429. 16 *Serg. & R.* 282.    16 *John. R.* 136.    2 *Ib.* 24, 210.    15 *Ib.* 229, 432.    *Bagot vs. Williams,* 10 *Eng. C. L.* 62.    *McLan vs. Hugarin,* 13 *J. R.* 184.    *Butnall vs. Foster,* 7 *Wend.* 103.    3 *Barb.* 594.    *Maury vs. Harris,* 2 *John. R.* 24.    *Smith vs. Johnson,* 15 *East,* 213.    *Wheeler vs. Van Houton,* 12 *John.* 311.    *Dunn vs. Murry,* 17 *E. C. L. R.* 498.    *Irwin vs. Knox,* 10 *John. Rep.* 365. 11 *Ib.* 530.    16 *Ib.* 136.    *Bates vs. Quattlebum,* 2 *Nott & McC.* 205.    *Wade vs. Odeneal,* 3 *Dev.* 423.    1 *Greenl. R.* 136.    9 *John.* 287.    *Rex vs. Hopper,* 1 *Exch. R. Con.* 393.    *Eastmure vs. Law,* 35 *Eng. C. L. R.* 170.    *Hinsdale vs. Larned,* 16 *Mass. R.* 65.    6 *N. H. R.* 164.    1 *Mason's R.* 365.

A. HAMMOND, for defendants in error, cited the following authorities :

1 *Speer* 277.    2 *Hill's Ch'y,* 22.    1 *Kelly,* 139.    2 *Kelly,* 280.    1 *Starkie Ev. note,* 264.    If cause divisible, and plaintiff sue for all and recover any, litigation ended.    10 *Eng. C. L.* 62.    Must abandon on the record.    1 *Greenl. Ev.* §532.    11 *Mass.* 446.    1 *Starkie Ev. top,* 262, 263.    1 *Wend.* 487.    2 *Jno.* 227.    12 *Jno.* 313.    16 *Jno.* 137.    4 *Term,* 80, (147.)    6 *Term,* 608, 275.    4 *Conn.* 276.    11 *Mass.* 445.    1 *Greenleaf Ev.* 681, *note* 1.    Parol evidence good to assist, but not to contradict record.    *State vs. Glass,* 1 *Kelly,* 475.

*By the Court.*—NISBET, J. delivering the opinion.

The declaration contains several counts.    One founded on a note made by Freeman, the defendant's intestate, to McFarland,

the plaintiff's intestate, by the latter indorsed and paid; a count in the usual form by an indorsee who has paid the note against the maker.

One as payee of the same note, against the maker, and a common count for money paid, laid out and expended by the plaintiffs, for the use of the defendants. *This suit is therefore for the recovery of money paid by the plaintiff, in a note made to him by the defendants, and by him indorsed.* The note is fully set forth in the declaration, and is for $3,287, dated on the 16th day of August, 1839, and due on the 1st January, 1840. The declaration contains no other ground of action.

[1.] To this action, a plea of former recovery was pleaded, and the record of recovery from Pike Superior Court being tendered in evidence by the defendant, was objected to, because, from the face of the record itself, it did not appear to be a recovery for the same cause of action, in plaintiff's declaration set forth. The presiding Judge overruled the objection, and admitted the evidence, and the plaintiff excepted. A judgment in a former suit, between the same parties, and directly upon the same subject matter, when pleaded, is a conclusive bar. The question is, does it sufficiently appear from the record itself, that the action in Pike Superior Court, and the judgment of recovery therein, are founded on the *same cause of action* set forth in this declaration? We do not think that it does. Without the testimony of Mr. Dougherty, it could not be *imagined* even, that they are the same. It is only when we look at this record in the light of that testimony, that there can arise even a suspicion of their identity. His testimony was, that the promissory note; which is the foundation of the plaintiff's action, was given by Freeman to McFarland in part of the purchase money of a large plantation sold by McFarland to Freeman. One of the counts in the Pike declaration is for the whole of the purchase money of a plantation sold by McFarland to Freeman. By the aid of this *aliunde* testimony it is, that there springs up in the mind an impression that the recovery in that suit was founded on this note. The question first made for our review, originated in an exception to the admissibility of this record in evidence. How the evidence of Mr. Dougherty was admitted and for what purpose, does not appear. It was not, so far as is apparent, objected to. But what has it to do with the admissibility of this record? Nothing, whatever. The Court below, upon objec-

tion to the record, because it did not show on its face that the causes of action were the same, was called upon to decide *upon the record itself, by inspection.* He could bring to his aid no *aliunde* evidence. Nor can we. . We meet the question as it stood before the Court on the trial. . Parol evidence is sometimes admitted to show that the record, when admitted, does not embrace the same subject matter. But upon demurrer to the record as evidence, to support the plea of a former recovery, the question is to be determined by inspection and comparison.

We therefore discard that testimony, and consider the question upon inspection of the record itself, and giving to it its full legal effect, in comparison with this declaration, determine upon its admissibility. Thus truly presented, and simplified, the point is not, to our apprehension, at all difficult in its solution. It cannot be that any thing which may be pleaded as a former recovery shall be admitted, because it is pleaded. A recovery, for example, in ejectment in an action of assumpsit on a promissory note. The Court must determine, in the first instance, from the record tendered, whether it is between the same parties, and on the same matter. When it is admitted, then it again becomes a question for the Court, how far *aliunde* testimony is admissible, not to contradict it, but to explain it. If upon the question of admitting the record, the Court could invoke the aid of parol evidence, where is such invocation to stop? Such a power would make the whole merits of the plea of former recovery to depend upon testimony other than the record. The Court must be satisfied, therefore, that upon the face of the record, the cause of action is *prima facie* the same. If it is not, the record ought to be repelled, and then there is an end of the plea. · If it is, then still in certain cases, and according to rules laid down in the books, the plaintiff may show that the subject matter of the second action was not submitted and passed upon, by the Jury in the first.

[2.] There is not, between the cause of action described in this declaration, and those set forth in the record tendered, a *prima facie* identity. We have seen that the matter in this action is an indorsed note, made by the defendant's intestate, to the plaintiff's intestate, and by the latter paid. We now inquire what matters are the ground of the first action, as they are set forth in the declaration.

The first count is special, containing the following statements,

to-wit: The defendant's intestate bought of the plaintiff a settlement of land in the county of Troup, for which he agreed to pay him fourteen thousand dollars. In part payment, the plaintiff agreed to take an execution from Muscogee Superior Court, upon one Abraham B. Ragan for the sum of $3,005 principal, and several hundred dollars interest, with this agreement, to-wit : that if he failed to get the money on it, he, (Freeman, the defendant's intestate,) would hold himself responsible for, and would pay the amount due on the execution. It avers diligence and effort to collect it, and the total insolvency of Ragan, the defendant in execution, and seeks the recovery of the money due thereon. This count, no doubt, was relied upon by the plaintiff, and the agreement in reference to the Ragan execution, no doubt, brought the case into Court. In the last case, the *matter* of the suit was money due to the plaintiff on a note, and by virtue also of the plaintiff's having been compelled to pay after having negotiated it by indorsement. In the first action, according to the first count, the *matter* of the suit was *an agreement* in relation to an execution which the plaintiff had received from the defendant in part payment of a tract of land. Clearly these matters are not the same. The want of *identity* is palpable. The original writ was without any count whatever, but these founded on this agreement, which is of itself no very inconclusive evidence of what was the gravamen of the suit. Subsequently the plaintiff amended and added—

*First.* A brief and informal count, setting forth that the defendant's intestate being in arrear to the plaintiff for money due to him, accounted with the plaintiff, and upon such accounting was found to be owing to him the sum of $4,500, the amount first claimed, which he then and there undertook, &c. &c. This is all that this count contains.

*Second.* A count setting forth the sale of a tract of land by plaintiff to defendant's intestate for $14,000, and in the broadest and most general terms, that he agreed to give him for it that sum of money, and going for the recovery of the fourteen thousand dollars. The first of these amended counts makes no specifications—no bill of particulars is added. We do not see *how* the defendant's intestate was indebted to plaintiff; we are not furnished with any evidences of indebtedness; we are not informed of the nature of the dealings between the parties, or in what con-

sisted the payments made by the defendants or their intestate. We are to view both of these counts in the light of our Statute, which requires that a plaintiff shall plainly, fully, and distinctly set forth his cause of action.   The reasons are two : the defendant must be informed against what he is to defend, and the record must be so explicit that the recovery may be a bar for the same cause of action.   In this light, it would be perfectly legitimate for this Court to rule now, not only that this count does not show that the *matter* in the two suits is the same, but that it is no count, contains nothing and ought not to be respected at all in determining this question.   One of the tests of the identity of the two, is this : is the evidence applicable to one, applicable to both ?   The evidence applicable to the last writ, is the note and proof of payment as indorser.   If any at all, what evidence is applicable to the first amended count in the first action ?   Is it to be presumed that in an action for a balance struck and agreed to be paid, the plaintiff could or would be allowed to prove a claim founded on a promissory note, a demand liquidated ?   But how are we invoked to believe that the plaintiff's claim, founded upon a payment by an indorser, was a subject matter embraced in this skeleton of a count, for a balance struck upon an accounting between the parties ? Why it is thus, inasmuch as there was an accounting, and a count on that accounting, therefore we must presume that this claim by the plaintiff on an indorsed note, was allowed against the plaintiff in that accounting, and is, therefore, presumed to have been submitted and passed upon in this action, *or* all other matters of account between the parties being settled, the sum stricken as a balance, is the indentical sum due, or now claimed to be due, on this note.   Is there any stronger proof than this conjectural reasoning, that this cause of action is embraced in both suits ?   Is not all this the vaguest kind of conjecture ?   Is there any thing upon the face of this count upon which a Court could lay its finger, and say here is the matter sued for in the second writ ?   Besides, this first action does show other matters in account between the parties—a sale of land for a large sum, an execution taken in part payment, and agreement to make it good.   Is not the fair conclusion this, that the accounting was in reference to these matters ?   Again, if this note was embraced in the accounting, and the sum due on it was the balance struck, the note being still in the hands of the plaintiff, how absurd is it to

suppose that he would have resorted to this difficult and circuit-
ous mode of recovering it, when he could have moved directly
upon it as indorsee, or in an action for money paid, &c.?   The re-
cord states that the plea of payment was filed in the first action.
If that plea had set forth the payment of this note, the case would
be different; but we learn from the record nothing about that
plea but that there was a plea of payment filed.   The same rea-
soning applies to the count for the whole amount of the purchase
money.   I hold that in an action brought upon an assumpsit for
so much money agreed to be paid for property, with simply the
averment that the sale was for so much, and the defendant under-
took and promised to pay it, evidence of indebtedness by note
could not be received.   The pleadings would be wholly insuffi-
cient to admit it.   The note is the evidence of a separate contract.
It would be irrelevant to the issue.   In none of the counts in the
first action is the note, or its payment as indorser, referred to.
There is no count on it in any form—there is no count for money
paid—there is no proof that its payment was pleaded and proven,
and we are constrained to say that there is not, from the face of
these records, satisfactory evidence that the cause, or matter, of
the two actions is the same.   We think, therefore, that the Court
erred in admitting the record of the first suit brought in Pike
County.

The defendant also pleaded in bar of this suit, a judgment
*against* the plaintiff on a former action instituted for the same
cause of action.   To prove this plea, the record of the former
suit was tendered and objected to upon the same ground, to-wit:
that the record did not show upon its face that the cause of action
was the same.   The Court overruled the objection and the plain-
tiffs excepted.   The question is still the same, and to be deter-
mined in the same way, and upon the same principles.   This
question, we think, equally free from difficulty with the former.
The parties are the same, and as I have more than once stated
the *matter* of this (the last) suit, I will not repeat it, but proceed
to enquire what was the matter in this record.   The suit was a
*bill in Equity*, brought in Troup Superior Court, in which the
following statements are found, to-wit: the sale of a tract of land
by the plaintiff, McFarland, to Freeman, the defendant's intestate,
for the sum of $14,000; that Freeman delivered to the plaintiff,
in payment for the land, his own note for $3,287, Joseph Cobb's

note for $7,128, indorsed by Freeman, and for the balance of the $14,000, he agreed to receive and collect, if possible, an execution in favor of Freeman against Abraham Ragan, from Muscogee Superior Court, and that the execution was not in payment, but taken to facilitate the collection of the money due on it, Freeman agreeing to be responsible to McFarland for the amount of the execution, if it was not collected out of Ragan ; *that he, the plaintiff, had received all the purchase money, except that agreed to be paid on the Ragan fi. fa.;* that he had used all possible effort to collect that, but had failed, and that Ragan was wholly insolvent. These are the material averments.

The bill was filed to assert the vendor's lien upon the land for the balance thus due of the purchase money, and prays that the land, or so much as would be necessary to pay that balance, be sold and the proceeds be paid to the plaintiff. This statement of the facts, and of the prayer of the bill, is quite sufficient to demonstrate that the subject matter of this action was the amount agreed to be paid by Freeman on the Ragan execution—all the rest of the purchase money, the bill expressly states, has been received, and the plaintiff asks a decree for the sale of the land to pay him *that balance.* This is certainly very plain. To this bill the defendant pleaded the former recovery in Pike, upon which I have before commented, and which, as has been seen, is also pleaded in bar to the present action. The Court in Troup County gave judgment on the plea and *dismissed the plaintiff's bill.* That judgment is the judgment now pleaded, also, in bar of the present action. That judgment is conclusive upon the cause of action in the Troup bill, and if the cause of action in *that bill* is the same with the cause of action in *this present suit,* it is also a bar to *this action.* The question is, are they the same? The cause of action *in this suit* is the promissory note indorsed and paid by the plaintiff; the cause of action in *the suit by bill in Troup County,* is the agreement to pay the Ragan *fi. fa.* They are not the same, but wholly different.

Without noticing a number of collateral questions growing out of this case, these are the points necessary to be discussed, and these only. After these records were admitted by the Court below, the plaintiff proposed to introduce parol evidence to show that the causes of action in these two records were not the same with that in this suit. The Court refused it, and thereupon the

plaintiff excepted.   Upon this last exception, the counsel on both sides put forth much of their strength ; but ruling, as we do, that the records must be repelled, any opinion upon it becomes unnecessary.

Let the judgment of the Court below be reversed.*

*See *Ezzell vs. Maltbie & Winn,* 6 *Ga. Rep.* 495.—[Rep.]