PRISANT *et al.* v. FEINGOLD.

No. 7361.    FEBRUARY 11, 1930.

*Pottle & Hofmayer,* for plaintiffs in error.

*Leonard Farkas,* contra.

HINES, J.    Feingold filed his petition for temporary and permanent injunction against H. & I. Prisant, and he made these allegations: He is the owner of certain property on the west side of and adjoining property owned by defendants, and located on the north side of Broad Street in the City of Albany, the same being property involved in a litigation between him and them which was disposed of at the March term, 1929, of the superior court of Dougherty County, in which it was determined by consent decree that he had a right to use the sewer that traversed the property of defendants as an outlet for the sewerage from his property.    This

sewer became stopped and overflowed and flooded his building, and caused great damage thereto. Defendants by force and threats prevented plumbers sent by him from opening up and repairing said sewer, and will not permit it to be repaired. Unless the court of equity intervenes, irreparable damage will be sustained by petitioner. He prays that the defendants be enjoined from interfering with the repairing of said sewer, and for such further relief as to the court may seem meet and proper.

On the hearing the petitioner presented his duly verified petition for injunction. The defendants read in evidence a former duly verified petition of petitioner, brought in said court on November 28, 1928, against defendants in this case and one Story, in which he made these allegations: On September 24, 1928, he purchased from Leonard Farkas the property above described, on which there was located a two-story brick building, of which he is now in possession by his lessee and by the sublessee of his lessee. Defendants owned the adjoining property on the east side of said building, having purchased the same from Mrs. Littlepage, who at one time owned all of said property now owned by petitioner and defendants, the tract owned by petitioner having been first disposed of by her. The defendants, without any right, authority, or legal claim whatsoever, have constructed a store on their property, and encroached on the property of petitioner, are using his east wall, have closed up two windows therein, and have rented said store to Story, who is now operating the same, and is continually using petitioner's property as the west wall of said store. Petitioner has notified defendants to desist from using his wall and interfering with his property, but defendants refuse to do so, and are committing a continuous trespass. He prayed for temporary and permanent injunction restraining defendants from using or interfering with his wall.

Defendants also introduced in evidence their answer to the last-named petition of plaintiff, in the nature of a cross-bill, in which they denied the trespass alleged and the request of petitioner that they desist therefrom. In their answer they made these allegations: On April 23, 1919, they purchased from the Littlepage heirs their property together with the improvements thereon. Petitioner claims title under Citizens First National Bank. His deed from the Littlepage heirs contains this provision: "No right, title,

or interest in or to the stairway between Adams & Brosnan Building next on east is conveyed or to the vacant land covered by said stairway." Plaintiff makes no attempt to do equity respecting the subject-matter of this suit, in that he is guilty of a continuing trespass upon the adjoining lands of these defendants, in that there is an exhaust pipe protruding a foot and a half east from the land of petitioner over the lands of defendants, and in the rear of their building; and the same drips water constantly upon their land. There are also two sewer pipes about 1/2 foot east on their land. Defendants pray that petitioner be required to do equity and remove and refrain from further trespassing upon their property.

Defendants introduced in evidence an amendment to the last-mentioned petition of Feingold, in which the latter prayed for damages in the sum of $5,000 against the defendants for closing up five windows in his building, thereby cutting off the light and air that said building received through said windows. Defendants introduced in evidence an amendment to their answer, in which they made these allegations: In 1917 petitioners' predecessor in title improved the building on his property, extending the same a distance of from 35 to 40 feet. In erecting said improvements petitioner's predecessor in title erected a 6-inch foundation on the lands of defendants on the west side of their property, and the same is now being maintained by petitioner. Said foundation was covered with dirt, and the same was unknown to them until they investigated the premises after the filing of petitioner's suit, when they found said improvement. Said encroachment is a continuing trespass and is causing these defendants irreparable damage.

Defendants introduced in evidence the verdict in the first case filed by petitioner, in which the jury found that neither party was entitled to damages, denied petitioner's prayer for injunction, and allowed "the petition for permanent injunction of the defendant." This verdict was rendered on March 20, 1929. On said verdict a decree was rendered, in which it was adjudged that neither the plaintiff nor defendants were entitled to damages, that Feingold was not entitled to the injunctive relief prayed for by him, enjoining the plaintiff from maintaining the exhaust pipe protruding east over the lands of defendants, and providing "that the plaintiff is permanently enjoined from changing the status or using or interfering in the future with the" lands of the defendants. In the

record there is no plea of former recovery or other plea filed by the defendants, and no answer setting up as a defense the former recovery or any other defense.

1. That a plaintiff can not maintain a pending action because the subject-matter thereof had been previously adjudicated in favor of the defendants is a defense which must be set up by special plea, unless the facts on which it is based appear on the face of the petition, and can not, in the absence of such plea or the appearance of such facts in the answer, be urged in defense of the pending suit, though it may be predicated on evidence admitted without objection, or even upon the admission by the plaintiff as to such former adjudication. *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga.* 20 (49 S. E. 783).

2. Where a judgment is relied on to establish a former adjudication against the plaintiff and in favor of the defendants in a suit in which an injunction is sought against several matters therein involved, the burden is upon the parties relying upon the former adjudication to plead the same, and to sustain such plea by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of such contention, that an injunction was sought against several matters involved in the litigation, and the verdict and judgment do not clearly show that a particular issue was then decided, before such contention can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contentions of the party setting up such former adjudication. *Johnson* v. *Lovelace,* 61 *Ga.* 62, 64; *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113); *Irvin* v. *Spratlin,* 127 *Ga.* 240, 244 (55 S. E. 1037, 8 Ann. Cas. 341); *Harris* v. *Equitable Securities Co.,* 129 *Ga.* 241 (58 S. E. 831).

3. In courts of record the issues involved in a case are made by the written pleadings, and can not be shown by extrinsic evidence. While parol evidence is not admissible, under any circumstances, to impeach or contradict the recitals or statements of the record in reference to the points or matters in litigation and adjudicated in the action, parol evidence, not inconsistent with the record, is admissible to identify the points or issues adjudicated in a former suit, when the record thereof is silent or ambiguous on this point,

*Ezell* v. *Mallbie,* 6 *Ga.* 495; *Hill* v. *Freeman,* 7 *Ga.* 211, 221; *Irvin* v. *Spratlin,* supra; *Halliday* v. *Bank of Stewart County,* 128 *Ga.* 639, 649 (58 S. E. 169); 34 C. J. 1076, § 1519, bb. In such circumstances, where the defendants plead the former adjudication to defeat the plaintiff, and where the record fails to show clearly and unambiguously that such adjudication was made in their favor, they should introduce evidence tending to show that the right of the plaintiff to use these sewers had been adjudicated in their favor.; and the plaintiff should be permitted to show, if he can, that this matter was not litigated in the former suit.

4. In their answer to the first suit of the plaintiff, in the nature of a cross-bill, the defendants alleged that the plaintiff was guilty of a continual trespass in maintaining an exhaust pipe extending from his lands over their lands, from which water was constantly dripping on their lands. They then made the naked assertion that "There are also two sewer-pipes on their land." They did not allege that the plaintiff unlawfully or improperly erected or was unlawfully maintaining these sewer-pipes through their land. They prayed "that petitioner be required to do equity and remove and refrain from further trespassing upon their property." In an amendment to their answer the defendants alleged that in 1917 the petitioner's predecessor in title improved the building on his property by extending the same a distance of from 35 to 40 feet, and that in erecting said improvements petitioner's predecessor in title erected a six-inch foundation on their lands on the west side of their property, that the same was being maintained by petitioner, and was a continuing trespass causing them irreparable damage. The defendants did not pray specifically for an injunction restraining the plaintiff from maintaining and using these sewers over their lands. It was incumbent upon the defendants to plead and introduce evidence to show that the right of the plaintiff to maintain and use the sewers running from his lot through the lot of the defendants was passed upon and adjudged against him in the first suit instituted by him. This they failed to do. The record does not show that this issue was necessarily raised and adjudged against the plaintiff. In these circumstances the trial judge did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*