The Central Bank of Georgia *et al. vs.* Johnson & Smith *et al.*

---

THE CENTRAL BANK OF GEORGIA *et al.*, plaintiffs in error, *vs.* JOHNSON & SMITH *et al.*, defendants in error.

1. The assets of an insolvent firm were in the hands of a receiver.  The creditors agreed among themselves upon a rule of distribution to be carried out by a committee.  This committee refused to allow the claims of certain creditors.  The excluded parties were about to file a bill to enjoin their further proceeding with such distribution, when it was agreed that the committee should report their action to the court, as if a bill had been filed, for direction.  This was done, and the report as to the rejected claims set aside.  To this ruling exception was taken.

*Held,* that the court had no authority to act upon the matter in controversy upon the pleadings before it.

2. The 21st rule of court to the effect that pleadings cannot be dispensed with by consent, is applicable, in reason and spirit, to courts of equity.

Equity.   Pleadings.   Jurisdiction.   Rules of Court.   Before Judge HILL.   Bibb Superior Court.   October Term, 1875.

Reported in the decision.

LANIER & ANDERSON, HILL & HARRIS, for plaintiffs in error.

WHITTLE & GUSTIN; R. W. JEMISON; POE, HALL & LOFTON, for defendants.

WARNER, Chief Justice.

This case comes before us on a bill of exceptions to the decision of the court below in setting aside the report of a committee of the creditors of Burr & Flanders, under the facts and circumstances as set forth in the record. It appears from the record of the case that the creditors of Burr & Flanders, for the purposes therein expressed, entered into the following agreement and submission, to wit:

"ANNA L. FORT and JOHN B. WILEY, by next friend, *et al.,*
vs. BURR & FLANDERS *et al.*

*" Bill, etc. In Bibb Superior Court.*

"GEORGIA, BIBB COUNTY.—The undersigned, creditors of Burr & Flanders, for the purpose of stopping the litigation growing out of the failure, and of distributing the fund and releasing them, do make the following agreement:

"1st. The individual property of C. M. Wiley shall be applied exclusively to his individual debts, not counting as such any of his indorsements or acceptances of Burr & Flanders' paper.

"2d. The cases in bankruptcy are to be withdrawn, and the costs of the cases in bankruptcy, as well as those in the state courts, shall be paid out of the fund in hand, each party to pay his or their own lawyers' fees.

"3d. The fund in hand, after payment of expenses, shall be divided between the creditors of Burr & Flanders in the following proportion, to-wit: the general creditors of Burr & Flanders shall draw *two-tenths* and the secured creditors shall draw *three-tenths*, and the same shall not extend to any funds to be hereafter realized. The secured creditors, or those re-

cognized as such, are the Central Railroad and Banking Company about $......, the Capital Bank about $......, and the Macon Bank and Trust Company about $......, the precise amounts to be ascertained by the committee.

"4th. All claims against Burr & Flanders shall be presented to the committee appointed by the meeting, which committee shall proceed to ascertain the precise amounts of the claims, with interest to be calculated upon all of them up to the first day of January, 1875. Any persons having demands against Burr & Flanders, against which they have sets-off, the balance due thereon shall alone be counted as a debt, and parties holding collaterals in possession shall give credits for the amounts which may have been collected, and also for the value of those remaining on hand, or they shall return the collaterals to be thrown into the general fund, and then take their share as unsecured creditors to this extent.

"5th. Charles M. Wiley to be released and discharged from all his indorsements or acceptances of Burr & Flanders, and Burr & Flanders are to be discharged from all their liabilities to these creditors; but none of the partners shall claim any homestead or exemption of personalty out of the funds of Burr & Flanders.

"6th. The fund belonging to Burr & Flanders shall be distributed as early as practicable in the proportions above specified, and for this purpose the fund shall be withdrawn from the City Bank and placed in the hands of the committee appointed, as aforesaid for distribution either by an order of the court or by the check of the receiver, to whose credit it is now deposited.

"7th. Henry L. Jewett, John E. Jones and Richard W. Cubbedge, are hereby appointed a committee of the creditors with powers as herein specified. In cases of disagreement among the committee as to the amounts of claims or their priorities, such cases shall be referred to Judge J. J. Gresham, whose decision shall be final. This committee shall take charge of and sell the mill property to the best advantage and collect the remaining assets, and from time to time make

a distribution of the same under the rule and proportions aforesaid. And the committee shall have full power to compromise all claims due to Burr & Flanders, so as to bring the whole matter to a close as early as practicable, as well as any claim which may be presented for bringing the money into court.

"J. E. Jones, President Central Georgia Bank; The Central Railroad and Banking Company of Georgia, by R. F. Lyon, its attorney; Lanier & Anderson, attorneys for City National Bank, Chattanooga, Tennessee; William Keith and William Fairbanks, S. S. Dunlap, Jacobs, Cunningham & Company, by their attorney, A. Proudfit; Henry L. Jewett, President of the Capital Bank, Macon, Georgia; R. W. Cubbedge, President Macon Bank and Trust Company, Macon, Georgia; Nisbet, Bacon & Hines, attorneys for Exchange Bank; Daniel Bullard, G. W. Grafflin, J. C. Grafflin & Company, J. R. Brumby, C. M. Wiley, George W. Burr, R. H. Flanders; Whittle & Gustin, attorneys for R. W. and Anna L. Fort; F. H. Alley, Johnson & Smith, John B. Wiley, H. & F. Blandy, by their attorney, Robert A. Nisbet, (according to terms as expressed in the decree of the court;) Wooten & Simmons, attorneys for Ricks; Poe, Hall & Lofton, attorneys for Guilkenen & Sloss; L. J. Guilmartin & Company, Ogden Brothers, Reed & Tully, Hough & Company, J. A. Foster & Company, Foster Brothers, Saulsbury, Respess & Company, as creditors of Burr & Flanders, and not of C. M. Wiley."

Whereupon the court passed an order that in pursuance of said consent and agreement, that the fund should be divided and distributed amongst said creditors in the manner, and in the proportion, as specified in said agreement. Acting under said agreement and order of the court, the committee made their report, in which they refused to allow the claims of certain creditors, which, in their judgment, ought not, from the evidence before them, to be allowed according to the terms of said agreement. The parties whose claims were disallowed, objected to the action of the committee in respect to their

claims, and were about to file a bill to enjoin the committee from further proceeding to distribute the assets of Burr & Flanders, when it was agreed by said committee, and the parties interested, that said committee should report their decision and action in the premises to the court, just as if a bill had been regularly filed as threatened, for such direction and decree as said court could make, had such bill been filed, and no more; the right to object to the jurisdiction of said court to review or set aside the judgment of said committee respecting the matters aforesaid, being reserved and not waived. The report of the committee in respect to the rejected claims, was then submitted to the court, which the court set aside, to which decision the plaintiffs in error excepted.

1. Was it competent for the court, and did it have the legal power and authority to set aside the report of the committee on the statement of facts and pleadings then before it? In our judgment, it had not. There was no bill or petition presented to the court containing allegations which would have been sufficient in law or equity to have set aside the report of the committee. It is not even stated on what grounds the threatened bill to set aside the report of the committee was to be based; only that the parties whose claims were rejected, objected to the rulings and action of the committee, but whether their objections were founded on any valid legal or equitable grounds, did not appear. There were no pleadings before the court which would have authorized it to have rendered a judgment or decree thereon, setting aside the report of the committee upon any valid legal or equitable grounds.

2. But it is said the parties consented. The reply is that the 21st rule of court declares that "no consent to dispense with pleadings will in any case be allowed." The 204th section of the Code also declares that "the rules of the respective courts, legally adopted, and not in conflict with the constitution of the United States, of this state, or the laws thereof, are binding and must be observed." It is true that the rule of court above cited, is a common law rule, but the reason and spirit of it is as applicable to cases pending in the

one court as the other, especially as the jurisdiction of the two courts in this state is so nearly assimilated in practice. Besides, the public interest requires that the records of the courts should show what issues have been made and determined therein for the protection of the rights of the citizens of the state. We therefore reverse the judgment of the court below, with leave to the objecting creditors to file their bill or petition, as they may think proper, to set aside the report of the committee upon such legal or equitable grounds as they shall be advised, embodying therein the evidence had before the committee in respect to the rejected claims of the complaining creditors.

Judgment reversed.