## HICKS *vs.* MARSHALL.

1. Pleadings cannot be dispensed with by agreement. Therefore a trial by consent without any declaration, upon agreement that a copy of the lost original might be established during the progress of the case, which was not done, but the verdict was written on a blank piece of paper, was illegal.

2. A payment of debts by a sale of land, although the debts may have had usury in them, does not make the contract for the land usurious so as to avoid the title. One may pay a usurious debt, and the fact that the payment is made in land does not alter the case. *Aliter*, if a deed be made to secure a debt infected with usury. In that case there would be a loan or forbearance, not a payment.

Practice in Superior Court. Pleadings. Usury. Title. Contracts. Before Judge CRISP. Macon Superior Court. May Term, 1881.

Reported in the decision.

B. B. HINTON; HAWKINS & HAWKINS, for plaintiff in error.

HALL & SON; W. S. WALLACE, for defendant.

CRAWFORD, Justice.

This suit was in ejectment, brought by T. J. Marshall against A. W. Hicks. The verdict was for Marshall; Hicks moved for new trial; the court refused it. The plaintiff in error seeks a reversal of that judgment on several grounds, only two of which are material for us to decide.

The first relates to a matter of practice under the rules of court.

The second to a matter of law which we consider the controlling question on the merits of the case, as contained in this record.

1. When the case was sounded in the court below, the original declaration was missing; it was verbally agreed that the trial proceed without it, and that counsel during the progress of the case should establish the declaration, with the understanding that no recovery should be had on any demise in the established declaration, except the demise corresponding with and suited to the deed from Hicks and wife to Marshall.

When the jury were ready to retire no declaration had been established, and a blank sheet of paper was handed them on which to write a verdict, and upon which the verdict was written and returned into court. Before any declaration was established the original was found, plaintiff's counsel, nevertheless, offered one, and sought to establish it though differing materially from the original. This was refused by the court.

The legal consequence of all which is that the record shows a verdict not in conformity with the pleadings and the proof. It is insisted by counsel for plaintiffs below that had the original declaration been in the clerk's office it would have been amended so as to conform to the facts upon which they relied. This is specially pressed because the paper was, by inadvertence, in the office of defendant's attorney. There was no agreement in writing,

and had there been, it could not have been enforced, because in the very teeth of the rules of court. We hold that the trial of the case was illegal, as "no consent to dispense with pleading will in any case be allowed." Rule 21 superior court.

2. The remaining question is whether a deed made and delivered in payment of a debt due the grantee therein is void, because the debt for which the money was due was infected with usury.

In all contracts whereby one takes or reserves more than the lawful interest for money, such contracts are usurious, and all titles to property as a part of such usurious contracts are void. To make a contract usurious there must be a loan or forbearance of money expressed or implied. Tyler on Usury, 92-94.

Where there is a *bona fide* purchase there is an end of the question of usury. 4 Peters U. S., 205.

The testimony, as sent up in the record, shows that a deed was given by Hicks and wife to Marshall for the land in dispute. If the contract were what it purported to be, a sale of the land, and not for a loan or forbearance of money, then the deed itself is not infected with usury and must be enforced; and this would be so, although there might have been many other antecedent usurious contracts between the parties. To make that deed void there must have been usury in that contract. A payment of debts by a sale of land, though they may have had usury in them, does not make the contract for the land usurious.

But it is said that Marshall cannot enforce this deed to recover possession, Hicks and wife not having surrendered it. That depends upon the contract; if the deed given was for the securing of the payment of a debt infected with usury, then he could not; but if given *to convey title* under a sale made then he could, notwithstanding there may have been usury in the debts which Hicks was paying. A debtor may pay a usurious debt as well as any

v 67—46

other, and he may pay it in money or he may pay it in land. If he pay in money it is by delivery, if in land it is by deed, and in neither case is there a loan or forbearance of money so as to establish the presence of usury. In harmony with these principles are the *dicta* in 55 *Ga.*, 414, and the decision in 61 *Ga.*, 38.

Judgment reversed.

JACKSON, Chief Justice, concurring:

Whilst I do not mean to disagree to any of the above, I rest my concurrence on the absence of all pleadings, and on the second point I hold that when rent was given by the grantor to the grantee, his possession was that of the grantee, and thus the title and possession of the land were both in the grantee, and the payment of usury in land was complete.