## BARFIELD *vs.* JEFFERSON.

While a deed made to secure the payment of money is void if tainted with usury, yet if a deed was made, not as a  security, but as an absolute sale, in payment of a debt, and if subsequently thereto the grantee agreed that he would reconvey the land to his grantor upon payment of a certain sum, which included the amount paid by him for the land with usurious interest thereon, this would not avoid the deed.   The jury were warranted in finding that such were the facts in this case.

February 1, 1887.

Interest and Usury.   Title.   Sales.   Before Judge WILLIS.   Chattahoochee Superior Court.   March Term, 1886.

Reported in the decision.

C. J. THORNTON, for plaintiff in error.

HATCHER & PEABODY, by brief, for defendant.

BLANDFORD, Justice.

This was an action of ejectment, brought by Jefferson against Barfield to recover certain lands situated in the county of Chattahoochee. The plaintiff relied upon a deed to himself, conveying the land by Barfield. Upon the trial of the case, Barfield was introduced as a witness by the plaintiff, and he testified that he made the deed to Jefferson in payment of a debt which he owed Jefferson. He further testified that Jefferson agreed to reconvey the land to him when he paid to Jefferson the amount of the purchase money, and sixteen per cent. on the same, the amount which was specified in the deed—something over $400; but he did not testify that this agreement to transfer was made at or before he conveyed the land to Jefferson. A note for the sum of $60 was shown him, which specified that it was for rent. He testified that that was the interest that he was to pay upon the money which he owed Jefferson. This note bore date several months after the date of the deed.

It is well settled that a deed of conveyance tainted with usury, or made as a device to cover up usury, is void. See *Morrison et ux. vs. Markham*, decided at the present term of this court (*ante*, p. 161). But it does not satisfactorily appear in this case that the deed which Barfield made to Jefferson was a conveyance to secure the payment of money, and it may be fairly inferred, from Barfield's own testimony, that the same was an absolute sale of the land by Barfield to Jefferson; and it may also be inferred that the agreement which Jefferson made to reconvey the land to Barfield was made after the sale of the land by Barfield to Jefferson; and hence, whatever usury there may be in that transaction, it does not avoid the deed. And the jury had the right, under the testimony of Barfield, to infer against him,

and to conclude that the deed which Barfield made to Jefferson was a sale of land, and was not a security for any debt which Barfield owed Jefferson; and they could well have inferred that the agreement which Jefferson had made with Barfield, to reconvey the land to Barfield upon payment of the purchase money and the sixteen per cent., was a contract or agreement made after the sale of the land. Hence we think that the verdict of the jury was authorized by the evidence in the case. There was some evidence to support this verdict, and the court below refused to interfere with the same; and as we have frequently held, where there is sufficient evidence to support a verdict, we will not interfere with the discretion of the court in granting or refusing a new trial.

Let the judgment of the court below be affirmed.