## CLARK v. THOMPSON.

*Simmons, C. J.*—1. An absolute contract for the sale of personalty is not void although a part of the consideration of the sale may be the payment of a debt infected with usury; and where such a contract is evidenced by a written bill of sale, the vendee may maintain thereon an action of trover against the vendor. *Hicks* v. *Marshall*, 67 *Ga.* 713; *Harris* v. *Hull*, *ex'r*, 70 *Ga.* 832; *Barfield* v. *Jefferson*, 78 *Ga.* 220.

2. The evidence in this case warranted a finding that the sale was absolute and not for the purpose of securing a debt; and it affords no cause of complaint to the defendant that the money verdict in the plaintiff's favor was for an amount less than that which the evidence authorized.

3. This court cannot sustain a ground of a motion for a new trial which merely alleges that the trial judge "erred in not allowing defendant's attorney to open and conclude, he having claimed the right to do so."        *Judgment affirmed.*

July 13, 1896. By two Justices.

Bail-trover. Before Judge Bower. Dougherty superior court. October term, 1895.

R. M. Thompson brought bail-trover against Jesse S. Clark for a lot of household and kitchen furniture. Defendant pleaded that the debt for which he gave a bill of sale to plaintiff was for money borrowed from plaintiff; that on June 27, 1893, he gave his note and mortgage to plaintiff for $100, and the plaintiff let him have $65 thereon, reserving $35 for the use of or interest on $65 for six months time as specified in the note, the amount so reserved being usury; that on March 15, 1894, after the mortgage became due, the note and mortgage were taken up and plaintiff advanced him $50 more, taking a bill of sale to the property named in the mortgage; that the usury reserved in the mortgage entered into the bill of sale to the amount of $32.70, and that said bill of sale was only security for the money loaned defendant, and was not an absolute conveyance of the title, and is void on account of the usury therein contained. The testimony was directly conflict-

ing upon the issues set up by the plea.    The jury found
for the plaintiff $138.43, and defendant's motion for a new
trial was overruled.    The motion alleges that the verdict
is contrary to law and evidence, and that it shows on its
face that the jury did not find for the plaintiff the value of
the property, but found the amount of the debt with inter-
est, which defendant insists could not be done in a trover
case; and further shows that the jury found the bill of sale
was not absolute but only a security for the debt; and
therefore the verdict was contrary to law.    Also, that "the
court erred in not allowing defendant's attorney to open
and conclude, he having claimed the right to do so."

*Jesse W. Walters*, for plaintiff in error.
*S. J. Jones*, contra.