ROBERTS *v.* ROBERTS.

No. 15595.   OCTOBER 9, 1946.

*Hallie B. Bell,* for plaintiff in error.

*Randall Evans Jr.,* and *Jack D. Evans,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) The plaintiff in error, in order to show the alleged invalidity of the judgment complained of, cites and relies upon authorities that pleadings may not be dispensed with even with the consent of the parties. Code (Ann. Supp.), § 24-3340; *Central Bank of Georgia* v. *Johnson,* 56 *Ga.* 225; *Hicks* v. *Marshall,* 67 *Ga.* 713; *Martin* v. *Nichols,* 127 *Ga.* 705, 709 (56 S. E. 995). These rulings, however, relate to instances where there is a total absence of pleadings, not merely in the courtroom but in the proper depository of the court, the files in the office of the clerk of the court. In such cases it can not be ascertained from the verdict or judgment whether or not it conforms to issues made by pleadings, and, as was said in *Central Bank of Georgia* v. *Johnson,* supra, "The public interest requires that the records of the court should show what issues have been made and determined therein for the protection of the rights of the citizens of the State." Obviously the rulings in the cited cases have no application to the facts of the present case. Here it is admitted that all the pleadings and records were in the files in the office of the clerk of the court, though not before the presiding judge or in the courtroom. Those papers, as appears from the record here, would show upon examination that Mrs. Mary Elizabeth Roberts, in an action against Vivian H. Roberts Jr. for divorce, was also seeking permanent and temporary alimony. They would also show that a rule nisi had been issued for the defendant to show cause on June 28, 1946, why he "should not be required to pay temporary alimony and counsel fees to the plain-

tiff, Mrs. Mary E. Roberts, pending the final hearing." It is settled law that a court will take judicial notice of its own records in the immediate case or proceedings before it. *Frank* v. *State,* 142 *Ga.* 741, 761 (83 S. E. 645, L. R. A. 1915 D, 817) ; *Branch* v. *Branch,* 194 *Ga.* 575, 577 (22 S. E. 2d, 124) ; 20 Am. Jur. 104, § 86. Hence, when the application for alimony came on for a hearing on June 28, 1946, the date specified in the rule nisi, the court knew judicially the issues which were made by the pleadings and upon which evidence was introduced. It is not contended that there was any other litigation pending between the parties, and the order granting temporary alimony and attorney's fees states the case as "Mrs. Mary E. Roberts v. Vivian H. Roberts Jr.," number 10202, and recites that the hearing was had on June 28, 1946, all of which conforms to the original petition for divorce and alimony in the files of the office of the clerk of the court and the rule nisi issued in response to the petitioner's prayer. Since the pleadings and records in the office of the clerk, of which the court had judicial notice, and the judgment rendered show clearly the issues made and determined, the contention that the judgment is illegal, void, and contrary to law is without merit.

*Judgment affirmed. All the Justices concur.*