**UNITED STATES of America,
Plaintiff,**

v.

**Glenwynne SHANNON, Defendant.**

**No. 69-CR-43.**

United States District Court
E. D. Wisconsin.

Sept. 11, 1969.

---

B. C. Drumm, Jr., Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Ewald L. Moerke, Milwaukee, Wis., for defendant.

## DECISION and ORDER

*Myron L. Gordon, District Judge.*

The defendant has moved to dismiss both counts of the indictment and, in the alternative, to produce certain documents.

The defendant filed a voluntary petition in bankruptcy (67–B–3088) on December 11, 1967. A discharge was granted to him, but it was subsequently revoked. Count one of the indictment charges the defendant with knowingly and fraudulently concealing assets, namely, certain business machines. On a petition to revoke the discharge of bankruptcy, the referee in bankruptcy stated:

> " * * * giving the bankrupt quite a bit of the benefit of doubt in that particular charge, but I think it's conceivable that he thought that this wasn't his property, and that he might not have to list it."

The defendant now argues that the indictment should be dismissed on the doctrine of res judicata. He asserts that the decision of the bankruptcy court is binding on this court. This position is not supported by the case law. In United States v. Fraidin, 63 F.Supp. 271, 283 (D.Md.1945), the court stated:

> "Also, we have not overlooked the fact that proceedings in a bankruptcy court are not res adjudicata in criminal proceedings. The parties are not the same. A discharge operates against a bankrupt's creditors as to his dischargeable debts but it is not binding upon the United States."

The eighth circuit has expressed the same view in Dranow v. United States, 307 F.2d 545, 557 (8th Cir. 1962). See also Douchan v. United States, 136 F.2d 144 (6th Cir. 1943). I conclude that the referee's decision is not res judicata and count one of the indictment will not be dismissed.

Count two charges the defendant with making false statements in his peti-

tion in bankruptcy in violation of 18 U.S.C. § 152. In his motion to dismiss, the defendant argues that it is not clear from the schedule that he asserted that the Lapstrape boat was in Canada. The following appears at the bottom of the schedule filed by the defendant:

"In Canada

| | |
|---|---|
| 1—14 foot aluminum boat, 18 ft. canoe, 10 horse Evinrude motor | 100.00 |
| 1—18 ft. Lapstrape Wood boat | 900.00 |
| 1—set golf clubs | 35.00" |

I cannot accept the defendant's view that the quoted portion of the schedule does not support the charge contained in count two, and, therefore, the motion to dismiss may not be granted.

The defendant's final motion is for production of various documents pursuant to rule 16(a), Federal Rules of Criminal Procedure. He requests that the government supply him with copies of all statements made by the defendant to the government; this the government has agreed to do.

■ The defendant also requests a copy of all the transcripts of the proceedings before the bankruptcy court. The prosecution opposes this on the ground that the transcript is not in its possession as is required by rule 16(a). The transcript is a matter of public record. If the defendant, as an indigent, submits a request to this court that he be supplied with such transcripts, the court will consider such request. However, the prosecutor need not furnish the transcripts.

■ Next, the defendant requests "a copy of any and all documents relating to this matter and the criminal charges herein, upon which the Government intends to rely in the prosecution of this defendant * * *." The government has agreed to provide the defendant with the following two documents: (1) "Glenn Shannon—Personal Equipment Left on Premises" (undated and unsigned) and (2) "Equipment and Supplies on Hand

Nov. 8, 1966" (unsigned). The government contends that all other documents in its possession are subject to 18 U.S.C. § 3500 and need not be produced until trial. The court accepts this contention as correct and therefore will not order the production of any further documents.

Therefore, it is ordered, that defendant's motions to dismiss the indictment be and hereby are denied and defendant's motion for production of documents be and hereby is denied.