### 46476. CRUMP v. THE STATE.

EVANS, Judge. Lewis Crump was indicted for the offense of burglary and was thereafter tried and convicted and sentenced to serve a term of 15 years. He filed a motion for new trial, which was later amended, and after hearing, the same was overruled and denied on each and every ground. No appeal was taken from that final judgment. Crump, as the movant, now seeks the production of certain records for his use in the preparation of an extraordinary motion for new trial on the grounds of newly discovered evidence, alleging in said motion that certified copies of the records are necessary in the preparation of his extraordinary motion for new trial. The lower court, after a hearing on the motion, overruled and denied the same, stating that there was "no good or legal reason" for the granting of an order for the production of said records. The appeal is from this judgment. *Held:*

No case is pending in the lower court at this time, unless appellant's motion to require production of records could be so denominated. The criminal case against him has become final; no extraordinary motion for new trial has been filed when the prisoner sought the production of records as an aid to said extraordinary motion for new trial he contemplated filing at some future time. It is not contended that the records required contain new evidence upon which the extraordinary motion will be predicated. And despite appellant's suggestion that these records (of his former trial) are not available to him, it appears that the lower court has made out copies and transmitted all of them to this court as a part of his appeal of denial of the

motion for production. A court may take judicial notice of its own records. *Roberts v. Roberts,* 201 Ga. 357, 358 (39 SE2d 749); *Branch v. Branch,* 194 Ga. 575, 577 (22 SE2d 124). We assume the clerk of the trial court made out copies of the record which were sent to this court in the case sub judice, and kept them in his own files, as required by statute. *Code Ann.* § 6-808 (Ga. L. 1965, pp. 18, 28; 1966, pp. 493, 497; 1968, pp. 1072, 1076).

No authority has been cited, nor is any known to us, which would authorize the reversal of the trial court for denying appellant's motion to require the production of records so he may use them in his preparation of an extraordinary motion for new trial. But his position is not as unfortunate as he seems to believe. The records of his trial and conviction are preserved and the originals and copies are on file in the office of the clerk of the trial court. When his extraordinary motion is filed, they may be introduced into evidence, if admissible, or the lower court may take judicial notice of them. If an appeal is necessary, they may be specified as a part of the record to be brought to this court.

*Appeal dismissed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 1, 1971.

Lewis F. Crump, *pro se.*