STATE of Maine

v.

Charles BOYAJIAN.

Supreme Judicial Court of Maine.

Sept. 17, 1975.

Peter J. Goranites, Asst. Atty. Gen., Augusta, for plaintiff.

Lilley & Snitger, by Daniel G. Lilley, Paul G. Weiner, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

ARCHIBALD, Justice.

In the York County Superior Court the defendant was charged in two indictments

with selling dextropropoxyphene, a potent medicinal substance, in violation of 22 M.R.S.A. § 2210.[1] The two cases were consolidated for trial and the jury made specific findings of guilt in each case.[2] Judgments were accordingly entered from which the defendant has appealed, asserting three points as a basis for the appeal, which we deny.

I

Fundamental to the appeal is the contention that Section 2210 is unconstitutional because the statute unlawfully delegates legislative authority to the Board of Commissioners of the Profession of Pharmacy (hereinafter Board), namely, the right to designate certain drugs as "potent medicinal substances."[3]

Initially, we observe that this point is raised for the first time on appeal. Appellant theorizes that Section 2201 is so lacking in standards that the Board is uninhibited in its designation of what are "potent medicinal substances" and, therefore, the statute violates the due process provisions of both the Maine and United States Constitutions. If this contention is correct, the indictments before us would be void and the Court would lack jurisdiction over the appellant. Thus the argument before us raises a jurisdictional point and even though advanced for the first time on appeal becomes subject to judicial scrutiny. *State v. True,* 342 A.2d 709 (Me.1975); *Dow v. State,* 275 A.2d 815 (Me.1971).

In approaching the problem of constitutionality, we must interpret the statute not in isolation but coordinated with other related statutory provisions which, in their entirety, disclose the legislative purpose. *See Kovack v. Licensing Board, City of Waterville,* 157 Me. 411, 173 A.2d 554 (1961). We have only recently held that when a statutory scheme as a whole is being reviewed we must give it "that reasonable construction which men of common intelligence would readily ascribe to the legislation." *State v. Davenport,* 326 A.2d 1, 6 (Me.1974).

There can be no doubt that the legislature has power to delegate proscriptive responsibility to administrative agencies. Basic rules under which the legislature may delegate this authority were considered in *Small v. Maine Board of Reg. & Exam. in Optometry,* 293 A.2d 786 (Me. 1972). When a statute is challenged for the limited reason that it lacks adequate standards (as is the case here) we have found constitutional infirmity where the act gives the agency unlimited power, is without prescribed restraints, and is devoid of criteria as a guide to such agency. *Kovack v. Licensing Board, City of Waterville, supra; see also White v. United States,* 395 F.2d 5 (1st Cir. 1968), *cert. denied,* 393 U.S. 928, 89 S.Ct. 260, 21 L.Ed.2d 266 (1968).

Having in mind these rules, we now analyze the statute which appellant claims is unconstitutionally lacking in standards, but we do so in light of the totality of the legislative scheme.

The Board consists of five pharmacists, each with not less than ten years experience in practice, at least three of whom

---

1. "It shall be unlawful for any person . . . to sell . . . any drug designated by the board as a 'potent medicinal substance' pursuant to section 2201 . . . ."

2. "We the Jury find the Defendant, Charles Boyajian, Guilty of selling dextropropoxyphene on January 17 [and January 19], 1974."

3. "The Board of Commissioners of the Profession of Pharmacy, hereinafter in this subchapter called the 'board,' may from time to time, after notice and hearing, by regulations, designate as potent medicinal substances any compounds of barbituric acid, amphetamines or any other central nervous system stimulants or depressants, psychic energizers or any other drugs having a tendency to depress or stimulate which are likely to be injurious to health if improperly used . . . ."

must have received a degree in pharmacy from an accredited college of pharmacy. 32 M.R.S.A. § 2851. This Board is given express authority "to investigate all violations of . . . Title 22, chapter 551, subchapter II."[4]

■ As we have noted, 22 M.R.S.A. § 2210 proscribes the sale of any drug designated by the Board as a "potent medicinal substance." A careful reading of Section 2201 (n. 3, *supra*) makes it apparent that the enactment, rather than being overly broad, contains limitations, readily understandable by experienced pharmacists, on the type of materials to be designated as "potent medicinal substances." Such substances, whatever may be their elements or constituencies, must have a tendency to depress or stimulate and, additionally, be injurious to health if improperly used.

We are confident that those who draft and enact statutes commonly intend that the general terms will be construed in light of preceding specific and limiting language. Pharmacists certainly understand what is meant by "central nervous system stimulants or depressants," and by training and experience are familiar with the effects which may flow from improper use of such medicinal substances.

In his brief appellant has argued that the statute might be construed as giving the Board authority to classify as "potent medicinal substances" such things as cigarettes, Coca Cola, or "even water."

The legislature would have no rational purpose in regulating the sale of "potent medicinal substances" based merely on their chemical or botanical structures. The obvious purpose was to proscribe drugs which, unless used under proper medical guidance, have a recognized potential for harm, either to the user or to society generally. The Board, with its statutorily guaranteed expertise, would have no problem in recognizing this general legisla-

tive intent. It would not be so irresponsible as to adopt such a classification as suggested.

We find no constitutional infirmity in the statute.

## II

Appellant had filed a motion for discovery. Rule 16, M.R.Crim.P. State's Exhibit 3 consisted of the certified minutes of the Board, particularly that of the meeting of July 26, 1971, in which the list of potent medicinal substances was amended to include

"Propoxyphene Hydrochloride, U.S.P. (Darvon)

all and any strengths

Plus any combinations of Propoxyphene Hydrochloride, U.S.P.

all and any strengths."

This exhibit was not produced by the State as a result of the discovery order. Defense counsel objected to the admission of the exhibit, and the Justice presiding ruled the exhibit admissible because it was "referred to in the indictment and it is a matter of public record."

■ Appellant misconceives the purpose of Rule 16. This rule is not designed to be a labor saving device for defense counsel. The minutes of the Board were open to public inspection and it cannot be logically argued that there was surprise or unfair advantage at trial because one has not taken advantage of the right to inspect public records. This is particularly true since the indictment refers to dextropropoxyphene as a "potent medicinal substance" and the statute requires the Board to list those substances which it thus classifies. *See United States v. Shannon,* 304 F.Supp. 374 (D. C.1969); *Crump v. State,* 124 Ga.App. 502, 184 S.E.2d 367 (1971).

---

4. Chapter 551, subchapter II, in the revision is 22 M.R.S.A. §§ 2201–2215.

Additionally, a second objection to the admissibility of this exhibit is without merit. Defense counsel argues that there was no evidence that the list of potent medicinal substances was promulgated after proper notice and hearing by the Board as required by Section 2201. In ruling on this objection the Justice below stated:

"Well, there is a well recognized presumption that public agencies perform their duties properly since they did conduct a public hearing. I can assume that public hearing was after appropriate notice, even though it is not recited in this document that there was notice. The document is approved as to form and legality by an assistant attorney general and; therefore, your objection to this document is going to be overruled. State Exhibit 3 will be received in evidence . . . ."

■ Regularity of administrative procedural action by an agency of government is presumed. *Central Me. Power Co. v. Waterville Urban Ren'l Auth.*, 281 A.2d 233 (Me.1971). The defendant did not generate any evidence that casts doubt on the regularity of the Board's proceeding. Thus, the presumption of regularity stands unrebutted. *See Hinds v. John Hancock Mutual Life Insurance Co.*, 155 Me. 349, 155 A.2d 721 (1959). *See also State v. Robbins,* 318 A.2d 51 (Me.1974).

The exhibit was properly admitted.

## III

■ Appellant's final point argues that dextropropoxyphene as such was not listed by the Board as a "potent medicinal sub-stance." We have previously quoted from Exhibit 3 the exact language used by the Board and the specific finding of the jury under each indictment (n. 2). Thus, the issue becomes whether dextropropoxyphene falls within the Board's listing of July 26, 1971.

There was expert testimony that the substances sold contained propoxyphene and that the test results were consistent with the presence in the exhibits of dextropropoxyphene. Additionally, expert testimony described dextropropoxyphene as a form of propoxyphene. A witness expressed the opinion that the appearance of one of the capsules "matches the Lilley Darvon compound which is the same as the label on the bottle."

Propoxyphene occurs in two optical isomers, dextropropoxyphene and levopropoxyphene. *The Merck Index,* 8th ed., at 875 (Stecher ed.1968). Dextropropoxyphene is an analgesic sold under various trade names, one of which is "Darvon." *The Merck Index, supra,* at 336. Levopropoxyphene is an antitussive and it is not sold as "Darvon." *The Merck Index, supra,* at 618.

With this pharmaceutical knowledge [5] we may adopt by analogy the rationale expressed in *State v. Alley,* 263 A.2d 66 (Me.1970), by concluding that there can be no dextropropoxyphene without at the same time there being "propoxyphene and its salts (Darvon)." *See State v. Shaw,* 343 A.2d 210 (Me.1975).

The entry is:

Appeal denied.

All Justices concurring.

5. *See State v. Clapp,* 335 A.2d 897, n. 3 at 901 (Me.1975).