## BRANCH *v.* BRANCH.

No. 14267.  September 21, 1942.

*Erwin & Nix* and *Shackelford & Shackelford,* for plaintiff in error.

*Joseph E. Webb* and *P. J. Smith,* contra.

DUCKWORTH, Justice. The general grounds of the motion for a new trial are not insisted on in this court, and the only question for determination is whether the special ground shows error. From the bill of exceptions it appears that the superior court, under its equitable powers, had taken jurisdiction of the estate involved, for the purpose of administering it. It also appears that an auditor was appointed in the case. However, the present record contains none of the pleadings in the main case. Nor is there anything in the motion for new trial or elsewhere in the record to show the questions involved under the pleadings in the case referred to the auditor, or whether all or only a portion of the case was referred to the auditor. The judge was not required to submit the entire case to the auditor, and it would have been proper for him to "refer any part of the facts to an auditor to investigate." Code, § 10-101; *Massachusetts Bonding & Insurance Co.* v. *Realty Trust Co.,* 139 *Ga.* 180 (3) (77 S. E. 86). If the issue of forgery was one which was not and could not have been passed upon by the auditor, it was immaterial whether the intervenor was a party to the cause before the auditor. In the instruction excepted to the judge stated that the issue as to the authenticity of the assignment "was not a part of the main case referred to Judge Burger [the auditor], and therefore any rulings made by Judge Burger are not to be controlling on the issues in this case." It is well settled that a court may take judicial notice of its own records in the immediate case or proceedings before it. *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174 (82 S. E. 774); 20 Am. Jur. 104, § 86. We are here dealing with an intervention, which on being allowed became a part of the main case before the court. On the trial of the issues made by the intervention, all of the pleadings and rulings made in connection with the main case were therefore properly before the judge. With this record before him, he charged

that the issue of forgery was not one which had been referred to the auditor. In the absence of a proper showing to the contrary, this court must assume that the judge's statement was authorized by the record in the main case. He who assigns error must show it by the record. *Richmond Hosiery Mills* v. *Hayes,* 146 *Ga.* 240 (2) (91 S. E. 54); *Puckett* v. *Johnson,* 147 *Ga.* 490 (2) (94 S. E. 569). The special ground having failed to show error in the charge, it follows that the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*