# GUNNIN *v.* CARLILE.

No. 14517.   MAY 7, 1943.

*Gordon M. Combs,* for plaintiff in error. *Gordon B. Gann,* contra.

BELL, Presiding Justice. The evidence for the defendant would have supported a verdict in his favor, unless he was concluded by the verdict and judgment in the former litigation; and the main question for decision is whether the evidence shows a former adjudication or estoppel as to title. The plaintiff's case was planted in large measure upon the theory that the defendant was concluded, and the burden was upon her to sustain such claim. She introduced the pleadings in the former suit and the verdict and judgment therein, but did not offer other evidence as to what issues were there adjudicated. The petition as filed by Gunnin against Mrs. Carlile in the former case alleged (1) title in Gunnin, (2) the cutting and removal of timber by Mrs. Carlile through her agents and employees, and (3) damage to Gunnin in stated amounts. The purposes of the suit were to enjoin the further cutting and removal of timber, and to recover damages. Mrs. Carlile filed an answer (1) asserting title in herself, but also (2) denying all of the allegations as to cutting and removal of tim-

ber. The answer thus made two defenses, either of which it sustained would have defeated the plaintiff's action. The verdict was, "We the jury find in favor of the defendant," and the only judgment recovered was one for court costs.

In *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650), it was held: "Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea, by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of the plea, that several issues were involved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contention of the party relying upon the plea." To the same effect, see *Prisant* v. *Feingold,* 169 *Ga.* 864 (2) (151 S. E. 791); *Byrd* v. *Goodman,* 195 *Ga.* 621 (25 S. E. 2d, 34). Under this principle as applied to the instant record, the verdict for the defendant in the former case may, for aught that is shown, have been based upon a finding that she did not cut and remove any of the timber as alleged, and not on any finding as to title. It does not appear that the issue as to title was necessarily or actually determined, and it was incumbent upon her to remove the uncertainty and to show that this issue was actually determined in her favor, before she would be entitled to a verdict in the instant case upon the theory of res adjudicata or estoppel. It follows that in the trial now under review the evidence did not demand a finding in favor of Mrs. Carlile; and therefore the court erred in directing the verdict in her favor.

*Judgment reversed. All the Justices concur.*