## WOODRUFF *v.* BALKCOM, Warden.

HAWKINS, Justice. Wayne F. Woodruff was convicted of murder in the Superior Court, Charlton County, Georgia, and thereafter filed his original and amended motion for a new trial on various grounds. To the judgment overruling the same he duly excepted, and this court, in *Woodruff* v. *State,* 204 *Ga.* 17 (48 S. E. 2d, 885), affirmed that judgment. After the judgment by this court, the presiding Judge of Charlton Superior Court fixed a new date of January 21, 1949, for the execution of the sentence. On or about January 15, 1949, the present counsel for the

plaintiff in error, who were not the counsel representing him on the trial and on the original appeal to this court, presented to the Judge of the Superior Court of Tattnall County his application for the writ of habeas corpus, contending therein that he should be released because the Judge in Charlton Superior Court, when fixing a new date for the execution of the sentence, did not require the defendant to be brought before him on that occasion, and that the order of the court did not refer to the original sentence. This application was entertained and sanctioned by the judge, and a hearing thereon was fixed for January 29, 1949. When this application came on for hearing before the Judge of Tattnall Superior Court, on January 29, 1949, the petition was dis-. missed on demurrer. On that same date and after the dismissal of the original application for habeas corpus, the applicant, by and through the same attorneys, filed his second application for habeas corpus, setting forth, in substance, that the applicant's conviction and sentence were entirely illegal and void because the applicant had been deprived of his constitutional right to have legal representation at his trial, in violation of the fourteenth amendment to the Constitution of the United States (Code, § 1-815), and of article I, section I, paragraphs III and V of the Constitution of the State of Georgia (Code, Ann., §§ 2-103, 2-105), alleging substantially that the attorney who represented him in his original trial and on the appeal to this court neglected his duties and did not properly represent the defendant, because he failed to introduce certain witnesses who it is claimed would have given certain testimony set out in the petition, because he failed to ask certain questions of witnesses introduced by the State, and because he failed to have an examination made of the ·pistol with which the killing is alleged to have been done, which, he contends, would have disclosed that the safety mechanism on the pistol was defective, and that it could have been accidentally discharged, as claimed by the defendant, and also failed to introduce evidence as to the good character of the defendant, which it is contended could have been produced.

When this application for the writ of habeas corpus was presented to the same judge, who had on the same date dismissed the first application, the judge declined to sanction the writ and entered the following order: "There being no allegation in the above and foregoing petition that the alleged grounds incorporated therein were not known to the applicant or his counsel at the time the original petition for habeas corpus [was] presented by the applicant and heard by the court on this date, which original petition was dismissed on demurrer filed by State's counsel, and it further appearing that there are no allegations in this (second) petition that counsel who represented the applicant upon his trial and also upon his appeal to the State Supreme Court of Georgia was not employed by applicant, and therefore of his own choosing (the fair inference being that said attorney was chosen by the applicant, as it could not be presumed reasonably that the judge would have even considered the appointment of a non-resident counsel for the accused), and it further appearing that no allegations appear in the petition (second) that any complaint of any kind was made known to the trial court at any time during said trial, or thereafter, with reference to any

alleged incompetency of his attorney, or with reference to any alleged denial of any right to which the applicant was entitled to during any stage of his trial, it is therefore ordered that the court declines to sanction this petition."

To this judgment the plaintiff in error excepted, and in the certificate to the bill of exceptions in this case the trial judge certifies: "I further certify that on or about January 15, 1949, an application for the writ of habeas corpus was presented to me by counsel for said Wayne F. Woodruff, and a hearing thereon was assigned for January 29, 1949. Said original petition alleged that the order of the trial court dated January 5, 1949, fixing a new date for the execution of applicant, was null and void because the applicant was not present in court when said order was granted, and had no notice of same and did not waive his presence, and for the further reason that said resentence order did not refer to the 'original sentence of the court, but referred to a resentence order dated in October, 1948. Upon said hearing on January 29, 1949, a demurrer to said original petition was filed and urged by State's counsel, and after argument thereon, said demurrer was sustained and said original petition was dismissed. I further certify that thereafter on January 29, 1949, the petition incorporated in this bill of exceptions was presented to me, and sanction thereof was declined on the grounds set forth in the order of the court dated January 29, 1949." *Held:*

1. An applicant for the writ of habeas corpus may not, without excuse, withhold allegations from his petition and thereafter use them on a second attempt, if the first should fail. Wong Doo *v.* United States, 265 U. S. 239. To reserve such allegations for use in a later writ, is to make an abusive use of habeas corpus. Swihart *v.* Johnston, 150 Fed. 2d, 721; *Andrews* v. *Aderhold,* 201 *Ga.* 132 (4) (39 S. E. 2d, 61); *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44); *Frank* v. *State,* 142 *Ga.* 741 (2) (83 S. E. 645).

2. A trial judge, to whom a petition for habeas corpus is presented, may take judicial notice of the record in the case and of what has taken place in his presence, and when it plainly appears therefrom that there is no legal ground for the writ, by the express provisions of the Code, §§ 50-104, 50-105, he may decline to grant the same. *Jones* v. *Hill,* 17 *Ga. App.* 151 (87 S. E. 755); *Andrews* v. *Aderhold,* 201 *Ga.* 132, 140 (supra); *Auld* v. *Cobb Exchange Bank,* 204 *Ga.* 729, 732 (51 S. E. 2d, 635).

3. While the second petition for the writ of habeas corpus in this case is based upon grounds different from those in the first, from their very nature they were known to the applicant and to his present attorneys at the time of the filing of the first petition. The present application alleges no reason or excuse for the failure to include these grounds in the first. The trial court properly refused to sanction the petition.

*Judgment affirmed. All the Justices concur.*

No. 16614. MAY 10, 1949. REHEARING DENIED JUNE 16, 1949.

**448**

*Wilson & Wilson* and *Harry M. Wilson,* for plaintiff.

*Eugene Cook, Attorney-General,* and *J. T. Grice, Assistant Attorney-General,* for defendant.