22131. WALLACE v. EISELMAN, Executrix, et al.

SUBMITTED SEPTEMBER 9, 1963—DECIDED OCTOBER 14, 1963.

*Julius S. Fine,* for plaintiff in error.

*Brannen, Clark & Hester,* contra.

ALMAND, Justice. The bill of exceptions assigns error on an order sustaining a general demurrer to a petition brought by the plaintiff against the executrix of the estate of his former wife to set aside a divorce decree which awarded certain real estate of the plaintiff to his former wife.

The petition alleged that the petitioner in January 1957 filed a suit in the Chatham Superior Court against his wife, Yetta G. Wallace, and prayed that certain described real estate be awarded to him. In her answer in the divorce suit the wife prayed that certain described real estate be awarded to her. The petition further alleged that, relying on his wife's representations that she would not insist on her prayers as to the disposition of the properties, the petitioner did not attend the trial in October 1957 in which all of the properties were awarded to the wife. That for a period of three years after the divorce was rendered he was ill and not in a position to correct the situation. That his former wife died and by will left all of her property, including that awarded to her by the divorce decree, to her sister, Gertrude Eiselman. The prayers of the petition were that the court set aside the divorce decree and decree that the petitioner be the sole heir of the estate of Yetta G. Wallace and that title to the properties be decreed to be in him.

The answer of Gertrude Eiselman, individually and as executrix of the estate of Yetta G. Wallace, after denying the material allegations of the petition, asserted "that the present action is one in which the plaintiff has acted in bad faith and has been stubbornly litigious and has caused these defendants unnecessary trouble and expense so that they are entitled to recover from the said Karl Wallace attorney's fees in the present action. They have incurred as of the filing of these defensive pleadings a bill with the firm of Brannen, Clark and Hester in the amount of

$2,500.00 which is subject to be increased dependent upon such further services as might be required of said law firm." The answer prayed for a judgment of $2,500 "or such additional sum as may be incurred by them for attorney's fees in the defense of this action."

The general demurrers of the defendants were sustained and the petition dismissed.

The defendants have moved to dismiss the writ of error on the ground that the appeal is premature in that there is no final judgment in the trial court to support a writ of error in that the defendants' cross action for attorney's fees is pending in the court below.

In our opinion this motion is well taken. *Code* § 6-701, as amended (Ga. L. 1946, pp. 726, 730; 1953, Nov. Sess., pp. 440, 455; 1957, pp. 224, 230), provides in part: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." The answer of the defendants contained a prayer for affirmative legal relief which was germane to the plaintiff's suit. The dismissal of the plaintiff's suit on general demurrer did not carry with it the cross action of the defendants for a money judgment against the plaintiff. *Code* § 3-510. This is so whether the defendants' cross action is equitable or is purely legal. *Ledbetter v. Goodroe*, 177 Ga. 616 (170 SE 866). After the dismissal of the plaintiff's petition the defendants had the right to proceed to a hearing and a determination on their cross action. *American Legion v. Miller*, 183 Ga. 754 (189 SE 837). See also *Fender v. Hendley*, 196 Ga. 512 (26 SE2d 887); *Brewer v. Williams*, 210 Ga. 341 (80 SE2d 190).

It is contended by the petitioner, however, that the defendants are not as a matter of law entitled to recover attorney's fees in the present suit. Whether or not the defendants can or cannot recover attorney's fees is not before us. The record discloses that the claim is asserted and is presently pending as a litigated issue in the trial court. As long as that issue remains pending

in the trial court there has not been a final disposition of the cause in the trial court. As the Court of Appeals said in *Cheme-tron Corp. v. Southern Nitrogen Co.,* 102 Ga. App. 577 (2) (117 SE2d 180): "An appeal is prematurely brought upon the over-ruling of a defendant's general demurrer or a motion to dismiss, where the defendant's counter-claim in the same suit would have been left pending had the trial court sustained the demurrer or granted the motion and dismissed the petition." This case con-tains a comprehensive review of the cases dealing with this ques-tion.

It appearing from the record in this case that the defendants' cross action is now pending in the trial court and thus that no final judgment has been rendered from which an appeal could be made, the present appeal is premature and the motion to dismiss must be granted.

> *Writ of error dismissed. All the Justices concur.*