### 40681. TURNER v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

JORDAN, Judge. The Board of Workmen's Compensation on April 11, 1962, entered an award denying compensation to the claim-

ant; and on January 3, 1963, after a hearing requested by the claimant to determine a change in condition, a second award was entered in favor of the employer. This award was appealed to the Superior Court of Spalding County, and on May 4, 1963, the award was reversed and the case remanded to the board with direction that the board make specific findings of fact from the record on two stated issues and enter a new award based thereon. Pursuant to the court's direction a new award was entered by the hearing director in favor of the employer, and this award was affirmed by the full board on November 20, 1963. This award was likewise appealed to the Superior Court of Spalding County, and on January 24, 1964, the court affirmed the award of the board. The exception is to this judgment. *Held:*

The facts upon which the superior court is authorized to exercise jurisdiction in an appeal from the State Board of Workmen's Compensation are those, and only those, contained in the record transmitted to it by the board, *Department of Industrial Relations v. Travelers Ins. Co.*, 177 Ga. 669, 672 (170 SE 883), *City of Hapeville v. Preston*, 67 Ga. App. 350, 356, (20 SE2d 202), and the record as presented to the superior court must authorize the findings of the board; if such findings are not so authorized then the award must be reversed. *Clay v. Aetna Cas. &c. Co.*, 102 Ga. App. 498, 500 (116 SE2d 686). The record transmitted by the board to the superior court in this case did not contain a transcript of the evidence adduced at the hearing upon which the award was predicated; and the superior court was without authority to affirm the board's award. The judgment of the superior court must therefore be reversed.

However, since it appears from the record here that a transcript of evidence in the matter is on file in the office of the board, and since it is the duty of the board to forward to the superior court "certified copies of all documents and papers then on file in their office in the matter, and a transcript of all testimony taken therein" (*Code* § 114-710), the case is remanded to the superior court with direction that it order the State Board of Workmen's Compensation to transmit a certified copy of the necessary transcript of evidence to the superior court; and that upon such transcript being made a part of the record in this case in the superior court, a new judgment be entered by that court on this appeal.

The fact that the board had forwarded a transcript of evidence in the matter to the superior court in a previous appeal is immaterial, for neither that court nor this court could take judicial notice of the record in another case, even between the same parties, in ruling on this appeal. *Carten v. Loveless*, 192 Ga. 715 (1) (16 SE2d 711); *Gray v. Bradford*, 194 Ga. 492 (3) (22 SE2d 43).

*Judgment reversed with direction. Bell, P. J., and Eberhardt, J., concur.*

DECIDED MAY 13, 1964.

*Albert P. Feldman*, for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Harry L. Greene*, contra.