### 40882. DUNAGAN v. AETNA CASUALTY & SURETY COMPANY et al.

JORDAN, Judge. The Owens-Illinois Glass Company on December 27, 1962, filed an application with the State Board of Workmen's Compensation for a hearing to determine change in condition of its employee, Rosa Mae Dunagan, who was receiving compensation for a back injury under an approved agreement. At the hearing which was conducted before a deputy director on February 18, 1963, the employee testified that her condition had not improved. No other evidence was adduced but the record was kept open for thirty days for the introduction of medical evidence. On April 24, 1963, an extension of time was granted to complete medical. The employee's counsel on June 14, 1963, gave notice of a medical deposition to be taken on June 27, 1963, which deposition was received by the board on July 9, 1963. The testimony of the medical witness supported the contention of the employee that no change in condition had occurred. On July 16, 1963, the deputy director entered an award in favor of the employee. The deputy director in this order recited that no medical evidence had been received in behalf of the employer and found as a matter of fact from the evidence adduced in behalf of the employee that no change in condition had been shown. The employer appealed this award to the full board. On January 7, 1964, the full board entered an order reopening the record for a period of thirty days for the introduction of medical depositions, or in the event of agreement, medical reports. Subsequently, on February 19, 1964, the full board with one dissent, entered an award terminating compensation upon a finding of fact that the employee had undergone a change in condition and was not suffering from any work-related disability. This award was affirmed on appeal to the Superior Court of Fulton County. The exception is to that judgment. *Held:*

The record as transmitted by the board to the superior court did not contain a report of any evidence adduced in behalf of the employer but only contained a transcript of the evidence adduced in behalf of the employee; and such evidence did not authorize the findings of the full board whose award was under review. The superior court erred therefore in affirming said award. *Turner v. American Mut. Liab. Ins. Co.*, 109 Ga. App. 721 (137 SE2d 385).

However, since it affirmatively appears from the record transmitted that medical reports and. other evidence were introduced in behalf of the employer and were part of the record before the board, and the employer having filed a notice in the nature of a suggestion of diminution of the record which contained affidavits of the members of the board and of· its secretary-treasurer stating that the board through inadvertence had failed to forward to the clerk of the superior court certain records on file with the board (including the medical reports referred to above), this case is remanded to the superior court with direction that the superior court by the appropriate order to the board cause the record in the superior court to be made complete and that a new judgment be· thereupon .entered on this appeal in the superior court. .*Turner v. American Mut. ·Liab. Ins. Co.,* 109· Ga. App. 721, supra.

*Judgment reversed with direction. Bell, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 22, 1964.

*William V. George,* for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, Williston C. White,* contra.