22648. SOUTH AMERICA MANAGERS, INC. v.
REEVES et al.

Argued November 10, 1964—Decided
January 7, 1965.

*Edenfield, Heyman & Sizemore, Wm. H. Major,* for plaintiff in error.

*Virgil H. Smith, Albert E. Mayer, Ted D. Spears,* contra.

QUILLIAN, Justice. The rule is well established that pleadings contradicting anything which must be judicially noticed are nugatory. *Griffin v. Augusta &c. R.,* 72 Ga. 423; *Bennett v. Public Service Comm.,* 160 Ga. 189, 192 (127 SE 612); *Rome R. &c. Co. v. Keel,* 3 Ga. App. 769 (2) (60 SE 468); *Central of Ga. R. Co. v. Lawley,* 33 Ga. App. 375 (3) (126 SE 273). Furthermore, a court may take judicial notice of its own records in the immediate case or proceedings before it. *Branch v. Branch,* 194 Ga. 575, 577 (22 SE2d 124); *Roberts v. Roberts* 201 Ga. 357, 359 (39 SE2d 749); *Woodruff v. Balkcom,* 205 Ga. 445 (2) (53 SE2d 680). Nevertheless, the prerequisite factor in resolving the instant problem confronting us is whether a determination of the insurer's status was made on the previous ruling. For unless the "law of the case" was so established, the efficacy to be given the doctrine of judicial notice when passing on the demurrers would not be relevant. The contentions of counsel for South America presuppose that the overruling of the motion to strike determined its status as an authorized insurer and fixed the "law of the case" in that regard. However, the Court of Appeals squarely ruled on this point, finding that the prior judgment did not settle the "law of the case" as to the insurer's status. No direct exception was taken to that particular ruling.

Moreover, since we, like the Court of Appeals, are unable to ascertain from the record, minus any brief of evidence as to what transpired on the hearing of the motion to strike, whether the trial judge found South America to be authorized or unauthorized, this case is controlled in principle by *Gunnin v. Car-*

*lile,* 195 Ga. 861 (25 SE2d 652). In that case this court had before it the question of whether a prior adjudication for the defendant conclusively settled the question of title in the case. The defendant introduced the pleadings and the judgment alleged to preclude the present action but no evidence was offered as to the issues formerly adjudicated. The former pleadings showed the petition to raise two points: (1) as to title being in the plaintiff and (2) as to cutting and removal of timber by the defendant; the answer (1) asserted title in the defendant and (2) denied the allegations as to cutting and removal of the timber. This court held: "As applied to the instant record, the verdict for the defendant in the former case may, for aught that is shown, have been based upon a finding that she [the defendant] did not cut and remove any of the timber as alleged, and not on any finding as to title. It does not appear that the issue as to title was necessarily or actually determined, and it was incumbent upon her to remove the uncertainty and to show that this issue was actually determined in her favor, before she would be entitled to a verdict in the instant case upon the theory of res adjudicata or estoppel." *Gunnin v. Carlile,* 195 Ga. 861, 863, supra. Justice Bell quoted with approval the rule laid down in *Draper v. Medlock,* 122 Ga. 234 (1) (50 SE 113, 69 LRA 483, 2 AC 650): "Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea, by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of the plea, that several issues were involved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contention of the party relying upon the plea." See also *McElmurray v. Blodgett,* 120 Ga. 9, 15 (3) (47 SE 531); *Prisant v. Feingold,* 169 Ga. 864, 867 (2) (151 SE 799).

*Judgment affirmed. All the Justices concur.*