41239. AETNA CASUALTY & SURETY COMPANY et al.
v. DUNAGAN.

JORDAN, Judge. Rosa Mae Dunagan, an employee of the Owens-Illinois Glass Company, sustained a back injury in an accident arising out of and in the course of her employment on December 5, 1958, following which pain developed between her shoulders. She was examined and treated by a physician to whom she had been referred by the company doctor but no diagnosis was made. Her employer provided her with a light job at which she worked until April 28, 1959, when she was admitted to a hospital because of pain in the back and right leg. On May 1, 1959, a myelogram was performed and the result was normal. On June 8, 1959, she was examined by another physician to whom the company doctor had referred her. His findings revealed no positive evidence of orthopedic or neurological pathology. Despite the absence of physical findings of any disability, the employee continued to experience pain, and on June 5, 1959, the company voluntarily entered into an agreement to pay her compensation. This agreement was approved by the State Board of Workmen's Compensation on July 10, 1959.

On December 27, 1962, the employer filed an application with the board for a hearing to determine change in condition of the claimant. This hearing ultimately resulted in an award of the full board terminating compensation, which was affirmed on appeal to the superior court. In *Dunagan v. Aetna Cas. &c. Co.*, 110 Ga. App. 302 (138 SE2d 448), the judgment of the superior court was reversed with direction that the superior court by appropriate order to the State Board of Workmen's Compensation cause the record to be made complete (the board having failed to transmit as a part of the record sent to the superior court certain medical reports introduced in evidence before the board) and to enter a new judgment in this case. This was done, and a new judgment was entered by the superior court reversing the award of the full board on the ground that the award was without competent evidence to support it as no change in condition was shown. The exception is to this judgment. *Held:*

By "change in condition" is meant a change in the physical condition of the claimant subsequent to the entering of the award; and where on a hearing requested by the employer to deter-

mine change in condition, it does not appear that the claimant's physical condition has changed for the better since the previous award, the employer cannot prevail even though the previous award erroneously awarded the claimant compensation. *Georgia Marine &c. Inc. v. Merritt*, 82 Ga. App. 111 (60 SE2d 419).

The approved agreement of June 10, 1959, was res judicata as to the condition of the claimant at that time, *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397 (24 SE2d 309), and there was no competent evidence in this record to show that there had been a change in condition of the claimant since that agreement. The medical evidence introduced by the employer consisted of reports of various doctors who had examined the claimant between two and three years after the date of the agreement, and while the doctors were in accord that they could find no evidence of physical disability from a neurological standpoint, this did not constitute evidence of change in condition, as no positive evidence of orthopedic or neurological pathology had been found in examination of the claimant prior to the approval of the compensation agreement.

The evidence did show, however, that the claimant was complaining of the same difficulties at the time of the hearing as complained of at the time of the approval of the agreement; and as stated in the order and judgment of the superior court under review: "There is no evidence to show that these complaints of injury are any more unrealistic at the time of the hearing than at the time the agreement was entered into by the parties. If her injuries were valid and legally compensatory at the time of the approved agreement, and that matter is now res judicata, then they must be valid and compensatory at the time of the hearing since there is no evidence to show a change in her condition."

The superior court did not err in reversing the award of the full board.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

ARGUED MAY 3, 1965—DECIDED MAY 27, 1965—
REHEARING DENIED JUNE 11, 1965.

*Smith, Ringel, Martin & Lowe, Williston C. White,* for plaintiffs in error.

*William V. George,* contra.