### 23519. DAVIS v. DAVIS.

COOK, Justice. The motion to dismiss the contempt petition is on the ground "that plaintiff has failed to comply with the provisions of the Georgia Appellate Practice Act of 1965, as amended (Ga. Laws 1965, Vol. 1, pages 240-244)." The enumeration of errors assigns error on the trial judge's order denying the motion to dismiss on grounds which did not appear in the motion. The judges of the superior courts have no jurisdiction to dismiss an appeal pending in either of the appellate courts. This court "may take judicial notice of its own records in the immediate case or proceedings before it." *Branch v. Branch*, 194 Ga. 575, 577 (22 SE2d 124);

*Baker v. City of Atlanta,* 211 Ga. 34 (3) (83 SE2d 682). We take judicial notice that the appeal by the plaintiff in the contempt petition (appellee in the present case) from the judgment on the plea to the jurisdiction in the divorce action, in which action the contempt petition was filed, has been transferred by the Court of Appeals to this court and is now pending in this court. The trial judge correctly denied the written motion to dismiss the contempt petition on the ground therein stated.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 14, 1966—DECIDED JULY 7, 1966—
REHEARING DENIED JULY 21, 1966.

*Paul W. Harrison, Jr., Harrison & Laseter, John Laseter,* for appellant.

*Robert Asa Sapp, Cowart, Sapp, Alaimo & Gale,* for appellee.

Mrs. Mary Jo Penland Davis filed a petition in Glynn Superior Court seeking to hold William R. Davis in contempt for failure to pay temporary alimony. The defendant filed a motion to dismiss as follows: "Now comes the defendant, William R. Davis, and moves the court to dismiss the petition for contempt as amended in the above styled and stated case upon the ground that plaintiff has failed to comply with the provisions of the Georgia Appellate Practice Act of 1965, as amended (Ga. Laws 1965, Vol. 1, pages 240-244). Wherefore, defendant prays that this motion be sustained and the petition for contempt as amended be dismissed." This motion was denied, and the appeal is from the order denying the motion.

In the enumeration of errors it is asserted that the trial judge erred in denying the motion to dismiss the petition for contempt because the appeal of the plaintiff to the Court of Appeals "on the verdict and judgment rendered on the plea to the jurisdiction" failed when the plaintiff failed to cause the transcript to be filed within thirty days of service of the notice of her appeal, and failed to make application for an extension of time for filing the transcript as required by Ga. L. 1965, pp. 21-22, § 6 (*Code Ann.* § 6-804), thereby rendering all subsequent proceedings in the Superior Court of Glynn County void and of no effect.