24970. WEEMS v. WEEMS.

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 9, 1969.

*Adams, O'Neal, Steele, Thornton & Hemingway, Kice H. Stone,* for appellant.

*D. D. Veal,* for appellee.

MOBLEY, Justice. William G. Weems brought an action for divorce against Emily Jones Weems, a nonresident. She filed an answer, counterclaim for temporary and permanent alimony, and a motion to dismiss the divorce action because of failure to perfect service on her. The trial judge sustained the motion to dismiss for failure to perfect service on the wife, and also sustained an oral motion by the husband to dismiss the wife's counterclaim. The wife appealed from the dismissal of her counterclaim.

■ The appellee (the husband) asserts that the appeal is moot because on the same date the order appealed from was entered he filed a new divorce action, and the appellant has filed a counterclaim to that action similar to the one she filed to the previous action. This counterclaim was filed on the same date the wife filed her notice of appeal from the ruling dismissing her former counterclaim. The filing of the counterclaim in the second suit simultaneously with the filing of the notice of appeal would not be ground for dismissal of the appeal as being moot. *Randolph v. Brunswick &c. R. Co.,* 120 Ga. 969 (1) (48 SE 396).

■ Section 13 of the Civil Practice Act (Ga. L. 1966, pp. 609, 625; *Code Ann.* § 81A-113) requires the filing of a counterclaim as to any claim which the defendant has against the complainant arising out of the transaction or occurrence that is the subject matter of the claim, with certain exceptions. The Civil Practice Act provides no specific rules as to the disposition of a counterclaim, where the main complaint is dismissed, except in

Subsection (i) of Section 13, dealing with counterclaims or cross claims, where separate trials have been ordered thereon.

It was the rule under the former practice that the dismissal of a suit did not carry with it a cross action germane to the plaintiff's suit. *Horton v. Harvey*, 219 Ga. 265 (2) (133 SE2d 35); *Wallace v. Eiselman*, 219 Ga. 307, 309 (133 SE2d 355). These cases were based on *Code* § 3-510, which was repealed by the Civil Practice Act. Section 41 of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141), dealing with dismissal of actions, claims, and counterclaims, contains provisions similar to those in former *Code* § 3-510. We therefore conclude that a counterclaim is not necessarily subject to dismissal because of the dismissal of the main complaint.

The objections made by the wife to the husband's divorce action were not based on lack of jurisdiction in the court to determine the matter. Her counterclaim alleged a separation caused by the husband's abandonment of her against her wishes and without justification or excuse, showed the property owned by him, and prayed for temporary and permanent alimony. It was therefore a complete claim which could be adjudicated without regard to the husband's action for divorce, and it was error to dismiss this counterclaim.

*Judgment reversed. All the Justices concur.*