45315, 45316. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD. v. BERRYMAN et al.; and vice versa.

QUILLIAN, Judge. Employers Assurance Corp., Ltd. (hereinafter referred to as Employers) brought its action for declaratory judgment against Joe Allen Berryman, Mrs. Pauline Elizabeth Berryman and State Farm Mutual Automobile Insurance Company. The complaint which was filed in the Madison Superior Court alleged that a declaration was sought as to the failure of the defendants Berryman, insureds, to file the required notice under the terms of a policy which included uninsured motorist coverage; that as a result of the failure to give such notice Employers was not liable under the policy. It appears from the record that Pauline Elizabeth Berryman had filed a damage suit in Franklin County against Alvin Hart, an alleged uninsured motorist, arising out of a motor vehicle collision of the Berryman and Hart vehicles. Hart and Employers, the insurer of the Berryman vehicle, were duly served. State Farm, who also had issued an insurance contract on the Berryman vehicle, was likewise served in the Franklin County damage suit. Subsequently on December 20, 1969, Employers filed this declaratory judgment action. Then on January 16, 1970, Joe Allen Berryman filed his suit for damages against Alvin Hart, and on January 30, 1970, Employers amended its complaint to include that damage suit. Since the damage suits were still pending, the court in this case issued an order staying all proceedings in the damage suits. Upon a hearing, the trial judge dismissed the declaratory judgment action, granting to Employers 30 days to file defensive and other pleadings in the cases in Franklin Superior Court, and provided that the right of Employers to assert in the Franklin County cases the same claims or defenses alleged in the Madison County declaratory judgment action, and any other appropriate defenses, should not be prejudiced by the

order dismissing the declaratory judgment action. *Held:*

1. In *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321), this court in construing the Uninsured Motorist Act emphasized the effect of the amendatory language in *Code* § 56-407A (Ga. L. 1967, pp. 463, 464) and held that: "A company carrying this coverage is now permitted to 'file pleadings and take any other action allowable by law' whether the operator or owner of the vehicle causing injury be known or unknown. This permits the filing by the company, in the name of the company or in the name of the uninsured motorist, or in the name of 'John Doe,' of any pleading that could be filed by the owner or operator of the offending vehicle in his own behalf, and, additionally it may file in its own behalf any appropriate pleadings allowable by law." This means that all rights may be asserted in the main action and there is no necessity for direction in a separate action for a declaratory judgment. *U. S. Fidel. &c. Co. v. Bishop,* 121 Ga. App. 75 (172 SE2d 855). "The purpose of the declaratory judgment procedure is not to delay the trial of cases of actual controversy but to guide and protect the parties from uncertainty and insecurity with respect to the propriety of some future act or conduct in order not to jeopardize their interest." *Clark v. Karrh,* 223 Ga. 851 (159 SE2d 75). "A declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined." *Kiker v. Hefner,* 119 Ga. App. 629, 631 (168 SE2d 637). See *Shippen v. Folsom,* 200 Ga. 58 (7) (35 SE2d 915); *Darnell v. Tate,* 206 Ga. 576, 586 (58 SE2d 160).

*Stubbs v. State Farm Mut. Auto. Ins. Co.* 120 Ga. App. 750 (172 SE2d 441), is not determinative of the issues here since no question was there raised as to the propriety of the relief sought.

The trial judge did not err in dismissing the action for declaratory judgment.

2. In the cross appeal, case 45316, it is urged that the trial judge erred in dismissing the defendant's counterclaims and remanding the case to the Franklin Superior Court.

The trial judge made no express ruling as to the counterclaims. The only basis for the contention that there was such ruling is the supposition that since the ruling allowed the plaintiff to file pleadings in the Franklin Superior Court the effect was to dismiss the counterclaims. This might be an arguable inference but this court passes on rulings and judgments and can not indulge itself in speculating as to what the trial judge intended.

As to the effect the dismissal of the main complaint has on a counterclaim, *Code Ann.* § 81A-141 (Ga. L. 1966, pp. 609, 653), refers only to a voluntary dismissal in providing: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." *Code* § 3-510 has been repealed. Ga. L. 1966, pp. 609, 687 (*Code Ann.* § 81A-201 (c)). However, the Supreme Court in interpreting *Code Ann.* § 81A-141 (Ga. L. 1966, pp. 609, 653) has found that: "It was the rule under the former practice that the dismissal of a suit did not carry with it a cross action germane to the plaintiff's suit. *Horton v. Harvey,* 219 Ga. 265 (2) (133 SE2d 35); *Wallace v. Eiselman,* 219 Ga. 307, 309 (133 SE2d 355). These cases were based on *Code* § 3-510, which was repealed by the Civil Practice Act. Section 41 of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141), dealing with dismissal of actions, claims, and counterclaims, contains provisions similar to those in former *Code* § 3-510. We therefore conclude that a counterclaim is not necessarily subject to dismissal because of the dismissal of the main complaint." *Weems v. Weems,* 225 Ga. 19, 21 (165 SE2d 733).

Therefore, it is appropriate that there be a judicial determination in the lower court as to whether the counterclaims were complete claims which could be adjudicated without regard to the main action. There being no such explicit decision by the trial court, we decline to consider the cross appeal. We find the cross appeal to be premature and the case is still pending until the trial judge makes a ruling on the counterclaims.

*Judgment affirmed in 45315. Appeal dismissed in 45316. Bell, C. J., and Whitman, J., concur.*

74

ARGUED MAY 4, 1970—DECIDED NOVEMBER 9, 1970—
REHEARING DENIED DECEMBER 4, 1970—CERT. APPLIED FOR.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellant.
*William O. Carter,* for appellees.