## 51196. THORNTON v. THE STATE.

PANNELL, Presiding Judge.

The defendant was accused of the offense of child abandonment on June 3, 1974. He was tried before a jury on October 8, 1974, and was acquitted. On November 18, 1974, the defendant was again charged with abandonment of the same child for the thirty day period immediately preceding the accusation. In response to the second accusation, the defendant interposed a plea of autrefois acquit, in which he pleaded former jeopardy and acquittal as a plea in bar. He attached "a copy of said former accusation and acquittal thereon, finding him not guilty, as a part of this plea." This accusation alleges abandonment of June 3, 1974. The order of the court shows that "It is hereby ordered and adjudged that the defendant, John Thornton, is not guilty of the offense of abandonment as charged in this case. So ordered this 9th day of October, 1974." There was no appeal in the October case.

The transcript of the record of the October case was not introduced in the hearing on the November case, nor was a motion made for continuance to obtain one for

introduction.

Defendant moved to dismiss the November 18th accusation against him. The trial court overruled his motion and denied his plea of autrefois acquit. Thornton appeals this order pursuant to certificate for immediate review.

1. Appellant urges error in the court's failing to accept his plea of autrefois acquit. He contends that he was charged with the same offense in both the accusation of June 3, 1974, and the accusation of November 18, 1974; since he was acquitted of the charges contained in the former accusation, he contends a trial on the latter accusation subjects him to double jeopardy.

Code § 74-9902 provides in pertinent part as follows: "Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section, if it shall be made to appear that said child was in a dependent condition as defined herein for a period of 30 days prior to the commencement of prosecution." The defendant was not subjected to prosecution for the *same* offense of which he was acquitted, but for a separate offense which allegedly occurred during a thirty day period not covered in the former prosecution.

2. Appellant argues that the only issue tried in the October 8 trial was that of paternity; by its general verdict of not guilty, the jury necessarily found that defendant was not the father of the child whom he allegedly abandoned. Appellant contends that the doctrine of collateral estoppel prevents the state from relitigating the issue of paternity, an essential element of the offense of abandonment. See Code § 74-9902.

This court recently considered the doctrine of collateral estoppel and its application in criminal cases in the case of *State v. Tate,* 136 Ga. App. 181. In applying the doctrine of collateral estoppel, the court adopted the following "guiding considerations," as set forth in Ashe v. Swenson, 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469): "The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a

general verdict, as is usually the case, this approach requires a court to '*examine the record* of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, *and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.*'" (Emphasis supplied.)

The transcript of the former proceeding was not introduced into evidence; therefore, the judge could not *consider the record* in order to make a determination regarding the foreclosure of the issue of paternity in the prior case. Neither the superior court nor this court can take judicial notice of the record in another case, even between the same parties. See *Turner v. American Mut. Liability Ins. Co.,* 109 Ga. App. 721, 723 (137 SE2d 385). In that the trial judge could not take judicial notice of the prior trial, he could not determine whether the prior general verdict of not guilty was grounded upon the single issue of paternity. Accordingly, he committed no error in overruling and denying the motion to dismiss.

3. This case was initially appealed to the Georgia Supreme Court because of appellant's attack on the constitutionality of Code § 74-9902. The Supreme Court did not pass upon the constitutionality of this statute because the point was not properly raised in the trial court. *Thornton v. State,* 234 Ga. 480 (216 SE2d 330). In that the remaining issues involved the application of unquestioned and unambiguous provisions of the State or Federal Constitution, jurisdiction was transferred to this court.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued October 8, 1975 — Decided November 20, 1975.

*Edwin M. Saginar,* for appellant.

*Leonard Cohen, William E. Frey, Solicitor,* for appellee.