51763. DOYAL & ASSOCIATES, INC. v. BLAIR.
51764. DOYAL DEVELOPMENT COMPANY, INC. v. BLAIR.

CLARK, Judge.

These appeals are from partial summary judgments granted to plaintiff on the ground of res judicata.

Plaintiff, a real estate salesman, brought separate suits against defendants, real estate brokers, alleging that he procured lessees for certain properties as defendants' agent on the basis of which he was entitled to a percentage of the monthly commissions paid to defendants during the term of each lease. Defendants answered, denying the material allegations of the complaints. Following discovery, plaintiff moved for partial summary judgment in each case on the issue of liability alone based upon an answer to an interrogatory which is stated hereinafter in quoting the trial court's decision.

In support of his partial summary judgment motions,

plaintiff pointed out that (1) prior suits to recover a percentage of commissions from defendants the issue of "procuring cause" was decided in plaintiff's favor and (2) in answers to interrogatories defendants acknowledged that with regard to this procuring cause issue, the facts in the actions at bar did not differ from the facts in the prior suits. Thus, plaintiff contended he was entitled to summary judgment on the issue of liability under the principle of res judicata.

In granting the plaintiff's partial summary judgment motions, the trial court entered an order which reads: "These two cases are actions for real estate commissions earned for the procurement of certain leases by the plaintiff while in the employ of the defendant. Former actions have been filed for the same purpose between the same parties for the commissions then due and owing. Plaintiff propounded certain interrogatories to the defendant the most material question being: 'If defendant contends that facts are different insofar as procurement or efficient cause are concerned state in detail the facts which defendant contends are different in this action than from that former action.' Defendant answered as follows: 'Further answering, defendant does not contend that the facts are different insofar as procurement or efficient cause are concerned from the facts in that former action.' Therefore, the partial summary judgment is granted to the plaintiff in view of the question propounded and the answer of the defendant. Judgment is hereby rendered in favor of the plaintiff and against the defendant[s] in some amount which shall be determined by a jury."

From this adverse ruling, defendants appealed. *Held:*

Although a judicial record itself is admissible in evidence (*Reed v. Reed,* 202 Ga. 508, 514 (43 SE2d 539)), a trial court cannot take judicial notice of a record in a former suit, even between the same litigants. *Thornton v. State,* 136 Ga. App. 655 (222 SE2d 158). Thus, if a prior case is to have a res judicata application, the record of the prior case must be introduced in evidence. Guam Investment Co. v. Central Building, Inc., 288 F2d 19, 24 (9th Cir. 1961). " 'The reason for the rule above referred to

is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case in hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him. So, on a plea of res adjudicata, a court cannot judicially notice that the matters in issue are the same as those in a former suit. Such matters must be pleaded and proved.' " Guam Investment Co. v. Central Building, Inc., supra, quoting Paridy v. Caterpillar Tractor Co., 48 F2d 166 (7th Cir. 1931).

The instant case discloses two further reasons for this rule: (1) there is a disagreement between counsel as to the issue in the instant cases being limited to "procuring cause"; and (2) an inadequate record handicaps the appellate court in deciding the correctness of the trial court's decision.

Evidentiary rules regarding the admissibility or inadmissiblity of evidence are applicable in a summary judgment proceeding. *Wheat v. Montgomery,* 130 Ga. App. 202, 204 (5) (202 SE2d 664). Thus, in the case at bar, judicial notice of the records in the prior actions was verboten. In order to obtain partial summary judgment under a theory of res judicata, plaintiff was bound to introduce properly the records of the former actions in evidence. Guam Investment Co. v. Central Building, Inc., supra. An examination of the appellate records shows that the records of the prior suits were not submitted in evidence.

"A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues. [Cit.] To obtain a judgment in favor of a claimant pursuant to his complaint, counterclaim, or cross-claim, the moving party must offer evidence sufficient to support a finding upon every element of his claim for relief . . . A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' [cit.] than is a plaintiff who has fully tried his case and who has

neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof. [Cit.] In either situation there is a failure of proof." United States v. Dibble, 429 F2d 598, 601 (9th Cir. 1970).

The efforts by appellee's counsel and trial judge to obviate re-litigating issues previously decided are commendable. Nevertheless, in our desire to expedite, we must heed those words of wisdom from Georgia's greatest Chief Justice, Logan Bleckley: "Those who are impatient with the forms of law ought to reflect that it is through form that all organization is reached. Matter without form is chaos; power without form is anarchy." *Cochran v. State,* 62 Ga. 731, 733.

Plaintiff failed to introduce evidence showing that he was entitled to judgment upon his claims. Accordingly, the trial court erred in granting plaintiff's partial summary judgment motions.

*Judgments reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED FEBRUARY 2, 1976 — DECIDED MARCH 19, 1976 — REHEARING DENIED APRIL 2, 1976.

*D. W. Rolader,* for appellants.
*Robert L. McHaney, Jr.,* for appellee.