### 52519. YOUNG v. JONES.

CLARK, Judge.

Where a summary judgment on the main case is rendered in favor of a defendant, does this effect a dismissal of his counterclaim? That is the primary question presented in this appeal. Our answer is in the negative.

Plaintiff sued Bob Young Realty, Inc. and its president, Robert A. Young, individually, to recover real estate commissions of $4,446. Both defendants answered, denying liability. Additionally, the individual defendant counterclaimed, seeking $2,500, a sum which he had allegedly loaned to plaintiff.

A consent judgment was entered against the corporate defendant for the amount claimed by plaintiff. The individual defendant filed a motion for summary judgment as to the main claim. This motion was granted and plaintiff appealed. In *Jones v. Young,* 136 Ga. App. 21 (220 SE2d 24), we affirmed the judgment of the trial court because the evidence showed that the individual defendant was not liable to plaintiff for the claimed commissions.

Thereafter, following the remittitur, plaintiff moved for summary judgment in his behalf as to the counterclaim. This motion was based upon the record supplemented by plaintiff's affidavit. Defendant filed counter-affidavits. After hearing argument of counsel, the trial court did not make a decision on the basis of the material in the affidavits. Instead, he dismissed the counterclaim on the ground that the main action had terminated in defendant's favor so that he was no longer a party to the litigation. This appeal followed. *Held:*

1. We are urged by plaintiff to affirm the judgment of the trial court because the appellate record is incomplete.

This we cannot do. "[T]he Appellate Practice Act requires that appeals from final judgments be determined on their merits if at all possible, and the absence in the appellate record of existing transcripts or documents, available in the trial court, is not ground to refuse consideration of enumerated errors on their merits." *Interstate Financial Corp. v. Appel,* 233 Ga. 649, 651 (212 SE2d 821), revg. 132 Ga. App. 477 (208 SE2d 336).

If the record is insufficient to render a decision on the merits, the appellate court should require supplementation of the record. *Interstate Financial Corp. v. Appel,* supra. But we deem it unnecessary to require supplementation in this case because the requisite additions may be found in the record of the prior appeal. And this court can take judicial notice of a previous appellate record in the same case. See *Woodruff v. Balkcom,* 205 Ga. 445 (53 SE2d 680); Agnor's Georgia Evidence, 334, § 16-4.

2. Code Ann. § 81A-113 (i) provides: "If the court orders separate trials as provided in section 81A-142 (b), judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of section 81A-154 (b) when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of." This Code section is not entirely clear. "A literal reading of the rule indicates by negative implication that jurisdiction over the counterclaim or cross-claim following a dismissal of the original claim can be retained only in the limited situation in which separate trials have been ordered pursuant to Rule 42 (b). Nevertheless, it seems clear that the rulemakers never intended this restrictive construction. Moveover . . . the courts generally have proceeded to render judgment on any counterclaims or cross-claims remaining after the original claim is disposed of on nonjurisdictional grounds." 6 Wright & Miller, Federal Practice and Procedure: Civil, 195, § 1437. Thus, a counterclaim is not subject to dismissal simply because the main action has been dismissed. *Weems v. Weems,* 225 Ga. 19, 21 (165 SE2d 733). And where a counterclaim can be adjudicated without regard to the main claim, it should be judicially considered even though the main claim has been

dismissed. *Employers Liab. Assur. Corp. v. Berryman,* 123 Ga. App. 71, 73 (179 SE2d 646). Accordingly, the trial court erred in dismissing the defendant's counterclaim on the ground that summary judgment had been rendered on behalf of the individual defendant in the main action.

3. Plaintiff contends the trial court's judgment should be affirmed because he is entitled to judgment as a matter of law. We cannot accept this contention. A review of the evidence adduced upon the summary judgment motion demonstrates the existence of a genuine issue of fact with regard to defendant's counterclaim.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 20, 1976 — DECIDED SEPTEMBER 28, 1976—
REHEARING DENIED OCTOBER 21, 1976.

*Ralph E. Carlisle,* for appellant.
*Charles D. Reed, Jr.,* for appellee.

ON MOTION FOR REHEARING.

Appellee argues that the concluding sentence in the first division of the foregoing opinion requires that we expressly overrule our holdings in *Thornton v. State,* 136 Ga. App. 655 (222 SE2d 158) and *Turner v. American &c. Ins. Co.,* 109 Ga. App. 721 (137 SE2d 385). This is incorrect. In each of those decisions there was a separate and independent case between the same parties; they did not involve two appeals of the same case as exists here.

At page 761 of the cause celebre of *Frank v. State,* 142 Ga. 741 (83 SE 645) the rule is stated "That this court will take judicial notice of its own records, and will of its own motion, or at the suggestion of counsel, inspect the records of this court in a former appeal of the same case. [Cits.]" Similar holdings are *Branch v. Branch,* 194 Ga. 575, 577 (22 SE2d 124) and *Davis v. Davis,* 222 Ga. 369 (149 SE2d 802).

*Motion for rehearing denied.*