## 67379. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. WHEELER et al.

SOGNIER, Judge.

Jack and Nellie Ruth Wheeler, residents of Tennessee, sued David A. Roden, also a Tennessee resident, and three others who are Georgia residents, in the Superior Court of Walker County, Georgia, for the wrongful death of their daughter who was killed in an automobile collision in Georgia. The decedent was a passenger in a car driven by Roden; the other defendants drove, or were passengers in, two other vehicles involved in the collision. Roden was uninsured, and pursuant to OCGA § 33-7-11 a copy of the complaint was served on Tennessee Farmers Mutual Insurance Company, insurance company of the Wheelers and their deceased daughter. Tennessee Farmers Mutual filed an answer in its own name, asserting defenses available to Roden and also raising defenses as to its liability to the Wheelers under the several policies. Tennessee Farmers Mutual also filed a motion for severance of the issues of tort liability from those of insurance coverage, which the trial court denied. Thereafter, Tennessee Farmers Mutual, a Tennessee resident, filed a declaratory judgment action against the Wheelers in the Circuit Court of Hamilton County, Tennessee for determination of certain coverage questions. On application of the Wheelers, the Georgia trial court issued an injunction restraining Tennessee Farmers Mutual from prosecuting its declaratory action in the Tennessee court. Tennessee Farmers Mutual appeals.

1. We note at the outset that the injunction which is the subject of this appeal was purely ancillary to the wrongful death action. As this was not an equity case, this court, and not the Supreme Court, has jurisdiction. See *Findley v. City of Vidalia*, 204 Ga. 279, 282 (49 SE2d 658) (1948); *Hughes v. Star Bonding Co.*, 137 Ga. App. 661, 664 (5) (224 SE2d 863) (1976). See also *Griffin v. Hardware Mut. Ins. Co.*, 212 Ga. 130, 132 (91 SE2d 10) (1956); *Ga. Cas. &c. Co. v. Turner*, 208 Ga. 782 (1) (69 SE2d 771) (1952).

2. Appellant contends that the trial court erred by enjoining appellant from further prosecution of its declaratory judgment action in Tennessee. Appellant argues, inter alia, that the trial court lacked the authority to enjoin appellant, a nonresident, from prosecuting an action in the courts of another state. We do not agree.

"The power of a court of equity to restrain persons within its jurisdiction from prosecuting suits in a foreign court rests upon the basis that the person whom it is sought to enjoin is within the jurisdiction of the court, and he can be prevented from doing an inequitable thing." *Ambursen &c. Constr. Co. v. Northern Contracting Co.*, 140 Ga. 1, 7 (78 SE 340) (1913). See *Atlantic Coast Line R. Co. v.*

*Pope*, 209 Ga. 187, 188 (1) (71 SE2d 243) (1952), rev'd on other grounds, 345 U. S. 379 (73 SC 749, 97 LE 1094) (1952). When served with a copy of the complaint as provided in OCGA § 33-7-11, appellant elected not to answer in the name of the uninsured motorist but instead to file pleadings in its own name, and thereby to contest its liability under the policy as well as the tort liability of the uninsured motorist. *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980). Appellant thus gained the opportunity to receive an adjudication on the coverage questions without resorting to a separate action for declaratory judgment. Id. Since appellant invoked the jurisdiction of the courts of this state for determination of the coverage issues, the fact that appellant is not a resident of this state is no obstacle to the awarding of an injunction enjoining appellant from proceeding with an action in another state. *Ambursen, Pope*, supra. See Wehrhane v. Peyton, 58 A2d 698, 703 (9, 10) (Conn. 1948); Doerr v. Warner, 76 NW2d 505, 513-514 (Minn. 1956); Annotation, 6 ALR2d 896, 902.

Appellant contends it is entitled to maintain parallel actions in different forums having concurrent jurisdiction until a final judgment is rendered in one of them. Under the facts and circumstances presented here, we do not agree.

It is well established that "[w]here the questions to be answered are legal ones determinable in another proceeding then in progress between the same parties, in a court having jurisdiction to determine them, the court will ordinarily refuse to entertain a declaratory judgment proceeding. [Cit.]" *Darnell v. Tate*, 206 Ga. 576, 581 (58 SE2d 160) (1950). When an insurer elects to file pleadings in its own name in an action brought under OCGA § 33-7-11, "all rights may be asserted in the main action and there is no necessity for direction in a separate action for a declaratory judgment." *Employers Liab. Assur. Corp. v. Berryman*, 123 Ga. App. 71, 72 (1) (179 SE2d 646) (1970). See *Moss*, supra; *United States Fidel. &c. Co. v. Bishop*, 121 Ga. App. 75, 77 (172 SE2d 855) (1970). " 'The purpose of the declaratory judgment procedure is not to delay the trial of cases of actual controversy but to guide and protect the parties from uncertainty and insecurity with respect to the propriety of some future act or conduct in order not to jeopardize their interest.' [Cit.] 'A declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined.' [Cit.]" *Employers Liab.*, supra; *Kiker v. Hefner*, 119 Ga. App. 629, 631 (168 SE2d 637) (1969). To permit the declaratory judgment action to proceed under these circumstances is "manifestly unwise and unnecessary . . . ." *Darnell*, supra.

The power of a court to enjoin a party from proceeding with an

action in the court of another state should be exercised "sparingly, not capriciously, and not unless a clear equity is presented requiring the interposition of the court to prevent manifest wrong and injustice." 21 CJS 859, Courts, § 554. See *Pope*, supra at 189; *McDaniel v. Alford*, 148 Ga. 609 (97 SE 673) (1918). Had the trial court not restrained appellant from proceeding with its declaratory judgment action in Tennessee, the trial court would have ceded its earlier acquired jurisdiction to the Tennessee courts (cf. *Darnell*), and the trial court's determination as to the coverage issues would have amounted to no more than an advisory opinion. Cf. *State Farm Mut. &c. Ins. Co. v. Hillhouse*, 131 Ga. App. 524, 526 (3) (206 SE2d 627) (1974). A double burden would have been cast upon appellees and the possibility of conflicting opinions in the two forums allowed. We hold, therefore, that just as a trial court will not permit a party to initiate a new petition for declaratory judgment when a proceeding invoking the same issues is already pending in another forum, a trial court is authorized to grant injunctive relief to prevent a party under its jurisdiction from proceeding with such declaratory action in another forum when a declaratory proceeding in which the same issues may be raised is already pending in the trial court.

Appellant finally argues that Tennessee was the proper place for the declaratory judgment action, as all concerned parties are Tennessee residents and the insurance contract was written, delivered, and executed in Tennessee. Even if Tennessee law must ultimately govern the determination of the coverage issues, a matter which need not be decided here, this would not support appellant's contentions that the trial court erred by enjoining the Tennessee action, as the Georgia court may apply the Tennessee law if it is correct and proper to do so. See *Terry v. Mays*, 161 Ga. App. 328, 329 (291 SE2d 44) (1982).

We note that appellant has raised coverage questions in the Tennessee action which are additional to those raised in the Georgia proceeding. As the trial court has pointed out in its order, appellant may amend its answer to include these additional issues.

In conclusion we note that the issue of the denial of appellant's motion for severance is not raised on appeal, although as a general rule the question of severance is a matter of discretion for the trial judge. *Lansky v. Goldstein*, 141 Ga. App. 345 (233 SE2d 437) (1977).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 7, 1984 —
REHEARING DENIED MARCH 19, 1984 —

*Douglas M. Campbell, Warren N. Coppedge, Jr.*, for appellant.
*John W. Davis, Frank M. Gleason, David P. Daniel, Lawrence T.*

*Snider, Fred H. Moore, David A. Carlton*, for appellees.